*H. P. Thornton*, for the plaintiff.

---

## Farlow *v.* Kemp.

To maintain an action of assumpsit, it must be shown that the consideration for the promise moved from the plaintiff.

*Friday, December 5.*

ERROR to the *Parke* Circuit Court.

Sullivan, J.—Assumpsit. The declaration contains three counts, all of which are special. The first states that, on, &c., the defendant made his certain instrument of writing, by which he acknowledged that he had received from one *Michael Farlow*, of *Randolph* county, *North Carolina*, the sum of 300 dollars to carry and pay over to the plaintiff, *Joseph Farlow*, residing in *Orange* county, *Indiana*, (unavoidable accidents excepted,) &c.; that the defendant did then and there receive, from the said *Michael Farlow*, the said sum of money to be carried to the plaintiff, and to be paid to him as aforesaid. Yet the defendant, although often requested, had not paid nor delivered the same to the said *Joseph Farlow*, the plaintiff, &c. The second count is, that on, &c., at, &c., the defendant made his certain other instrument of writing, and thereby acknowledged that he had received from one *Michael Farlow*, of *North Carolina*, 300 dollars to carry and pay over to *Joseph Farlow*, the plaintiff, of *Orange* county, *Indiana;* and that the defendant, for a certain reasonable hire and reward to be therefor paid by the plaintiff, accepted and received the said sum of 300 dollars from *Michael Farlow*, and in consideration of said hire and reward to be paid to him by the plaintiff, undertook and then and there promised (not saying whom) to carry and convey the said sum of money from the county of *Randolph*, in the state of *North Carolina*, to the county of *Orange* aforesaid, and to pay the same to the plaintiff, unavoidable accidents excepted, &c. The third count states that, on, &c., at, &c., in consideration that one *Michael Farlow*, of *Randolph* county, *North Carolina*, would and did deliver to said defendant the sum of 300

dollars, and in consideration of certain reasonable hire and re-ward to be paid by the plaintiff to the defendant, he, the de-fendant, then and there accepted and received the said sum of 300 dollars, and then and there undertook and promised (as in the second count) to convey the same to the plaintiff in *Orange* county, *Indiana,* and to pay the same to the plain-tiff, &c. To each of the counts a special demurrer was filed. The demurrers were sustained, and judgment was given for the defendant.

The liability of the defendant for failing to perform his un-dertaking is not denied. The point of controversy is, to whom is he liable? Unless it appear that there was a con-tract express or implied between the plaintiff and the defend-ant, this suit cannot be maintained; for where there is no privity of contract, no action lies.

As to the first count, we think it very clear that the plain-tiff was a stranger to the consideration of the contract set out in it. It is nothing more than an acknowledgment by the defendant, that he had received from *Michael Farlow* the sum of 300 dollars, to be carried from *North Carolina* to *In-diana* and paid to the plaintiff. The contract was with *Michael Farlow,* the money was his, and it does not even appear that he was indebted to the plaintiff, nor that the plaintiff would have been benefited by the money being paid to him. It is a general rule in all actions upon contracts, that the consideration of the promise must move from the plaintiff, or he cannot maintain an action upon it. As in the case of *Price* v. *Easton,* where the declaration stated that one *William Price* was indebted to the plaintiff in the sum of £13 for certain property sold and delivered, and that the defendant in consideration thereof, and in consideration that the said *William Price,* at the request of the defendant, had undertaken and faithfully promised the defendant to work for him, the defendant, at certain wages agreed upon between them, and in consideration of *William Price* leaving the amount which might be earned by him in the defendant's hands, he, the defendant, undertook and promised to pay to the plaintiff the said sum of £13. There was then an aver-ment, that *William Price* did work for the defendant and earned a large sum of money, and left the same in the de-

Nov. Term, 1845.

FARLOW v. KEMP.

fendant's hands, and that the defendant had failed and ne-
glected to pay £13 of said money to the plaintiff. The
plaintiff having obtained a verdict, the judgment was arrest-
ed, because the declaration did not show any consideration
for the promise, moving from the plaintiff to the defendant.
4 Barn. & Adol. 433. So, where a bill of exchange, paya-
ble at the house of the defendants, had been there presented
for payment and dishonoured, and the acceptor afterwards
remitted to the defendants a sum of money, for the purpose of
enabling them to pay the dishonoured bill, and also another of
less value, and the defendants in answer stated the fact of the
bill having been dishonoured, but added that the money re-
ceived should be carried to the acceptor's account, and did
afterwards pay the smaller bill; it was held, that the holder
of the original bill could not maintain an action against the
defendants, there being no privity of contract between them.
*Yates et al.* v. *Bell et al.* 3 Barn. & Ald. 643. The cases of
*Howell* v. *Batt*, 5 Barn. & Adol. 504, *Williams* v. *Everett*,
14 East, 582, *Sims et al.* v. *Brittain et al.* 4 Barn. & Adol.
375, assert the same doctrine. All of the cases referred to
apply to the first count, and we think are conclusive against
its sufficiency. See, also, *Salmon* v. *Brown*, 6 Blackf. 347.

The second and third counts are also insufficient. The
contract, as stated in those counts, was made with *Michael
Farlow*, and, for aught that appears, for his benefit. True, it
is stated, that for a certain reasonable hire and reward to be
paid by *Joseph Farlow*, the plaintiff, the defendant promised
to carry the money and pay it to the plaintiff. But it does
not appear that the contract was made with the assent of
*Joseph Farlow*, or that he was bound by it; nor that he had
any knowledge whatever, until this suit was commenced,
that such a contract was in existence. It was a contract
therefore with *Michael Farlow*, that *Joseph Farlow* should
pay a reasonable compensation for the defendant's services;
and the promise, that the money should be safely carried and
paid over, was made to him. The cases above cited show
that the second and third counts, like the first, cannot be sus-
tained. There are cases which appear, at first view, to con-
flict with the doctrine above stated; but they will be found
on examination not to conflict. In *Lilly* v. *Hays*, 5 Adol.

& Ellis, 548, where a debtor of the plaintiff transmitted a sum of money to the defendant, who admitted having received it, and being afterwards informed that it was meant to be paid to the plaintiff, said that he would so pay it, and the statement, by his authority, was communicated to the plaintiff, it was held that, on his failing to pay, the plaintiff might sue him for money had and received, and that the defendant could not allege a want of consideration moving from the plaintiff to himself. But in that case it appeared expressly, that the plaintiff was the creditor of the person remitting the money, and the decision was put upon the ground that the defendant had admitted the receipt of the money on the plaintiff's account, and that an agency was created which supplied the consideration. The principle to be collected from the case last cited, and from similar cases, is, that where a party brings a suit in his own name, on a contract made with another person for his benefit, he must, in order to maintain his suit, show a relationship, as, for example, of debtor and creditor, principal and agent, &c., to exist; or prove an express promise to pay the money. See *Arnold et al.* v. *Lyman*, 17 Mass. R. 400.

The declaration before us is entirely wanting in the necessary averments, to enable the plaintiff to maintain this action; and the demurrers were therefore properly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Kinney* and *S. B. Gookins*, for the plaintiff.

*W. P. Bryant, J. A. Wright,* and *S. F. Maxwell,* for the defendant.