BEALS *v.* BEALS.

MOTION FOR NEW TRIAL.—Under the code, a party may move for a new trial at any time during the term at which the judgment is rendered, although final judgment has been given in the case.

PLEADING.—A verbal contemporaneous agreement can not be pleaded to vary the legal effect of a note, but it may be pleaded and proved, without a violation of this rule, that the instrument was not intended by the parties to be operative as a note, but rather as a receipt for a certain sum of money on which interest was to be calculated.

PRACTICE.—Where an erroneous instruction is given by the Court, but is not excepted to in the mode prescribed by the code, the giving of it can not be assigned as a ground for a new trial.

CONTRACT.—An agreement, founded on sufficient consideration, between two persons, whereby one of them binds himself to pay a sum of money to a third person, may be enforced by such third person.

APPEAL from the *Hamilton* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued the appellant, who was the defendant, upon a note for the payment of 193 dollars. The note bears date *March* the 8th, 1858, and is payable at one day, with interest from date.

Defendant's answer consists of four paragraphs:

I. That 53 dollars of the note in suit is for illegal and usurious interest.

II. That one *Daniel Beals*, sr., who was the father of both plaintiff and defendant, in the year 1852, by deed in fee, conveyed to the plaintiff 40 acres of land, and, at the same time, conveyed him another tract of nearly 40 acres, in consideration that he, the plaintiff, would pay to the defendant the true value of the first-named 40 upon the death of said *Daniel*, sr.; which land, at his death, which occurred in 1856, was worth 1400 dollars. It is averred that the value of said land

was intended by *Daniel*, sr., as and for the share of the defendant in his, *Daniel's*, estate—as one of his children and heirs, to whom no portion or advancement had ever been made; that said 1400 dollars was due to this defendant before the commencement of this suit, and is still due and unpaid—wherefore defendant claims a set-off and judgment for the residue, &c.

III. That *Daniel Beals*, sr., promised the defendant, that if he would remain and labor for him until he, defendant, was 21 years old, that he, *Daniel*, sr., would convey to him 40 acres of land—and defendant did so remain and labor until he was 21, and for one year thereafter; that *Daniel*, sr., put defendant in possession of 40 acres of land, upon which he remained for a long space of time, and made valuable improvements thereon, the title still being in *Daniel*, sr.; and that while he was so in possession, *Daniel*, sr., agreed that if defendant would give up possession to him, he would pay or cause to be paid to the defendant the value of said land or convey a certain other 40 acres to him. Defendant avers that he gave up possession of the land to *Daniel*, sr., and looked to him for the value thereof in money or some other 40 acres; and afterwards he was informed by *Daniel*, sr., and the plaintiff, that he, *Daniel*, sr., had conveyed the 40 acres so given up to one *Jackson Beals;* that he had conveyed all the residue of his real estate to the plaintiff, including a 40 acre tract, which he had intended for the defendant in payment for the 40 acres delivered up as aforesaid, and that plaintiff had agreed to pay him, defendant, the true value thereof, which agreement the defendant then and there accepted; and further, he then and there released all claims on *Daniel Beals*, sr., as his trustee, and looked alone to the plaintiff as holding in trust for him the value of the 40 acres of land. It is averred that the plaintiff, when he received the conveyance from *Daniel*, sr., had full notice of the defend-

Beals *v.* Beals.

ant's claim, and that that claim is due and unpaid—wherefore defendant demands judgment for the 1400 dollars, and prays other relief, &c.

IV. That prior to the execution of the note sued on, the plaintiff had in his hands, as trustee, for the use of the defendant, 1400 dollars, payable upon the death of *Daniel Beals,* sr., who died in the year 1856, and before the commencement of this suit; and defendant being in need of two horses, requested the plaintiff to procure them for him in part payment of the above sum, which horses were then and there procured by the plaintiff and by him delivered to the defendant in such part payment. But inasmuch as the delivery of them was an advance payment on the 1400 dollars—the same not being then due—it was agreed between them that defendant should execute a note, instead of a receipt, so that it could draw interest at 10 per cent. Such note was then and there given by the defendant; but after it was given, to wit, on the 8th of *March,* 1858, the defendant, at the instance of the plaintiff, instead thereof executed the note in suit. It is averred, that in fixing the amount of the last note, interest was computed at 10 per centum, which interest, so computed, and amounting to 53 dollars, was included in the body of said note—that sum being a part of the 193 dollars sued for in this action; wherefore the consideration of the note has failed, &c.

Plaintiff replied to the first paragraph of the answer—1. By a denial. 2. He denies that said illegal interest was reserved and received by him, and paid by the defendant, within one year next before the commencement of this suit, &c. To the second and third paragraphs the plaintiff demurred. The demurrer was sustained to the second, but to the third it was overruled. Plaintiff also demurred to that part of the fourth paragraph which alleges "that the note was given in lieu of a receipt, and as a receipt for money"—which demur-

Beals *v.* Beals.

rer the Court sustained; and thereupon he replied in denial of the residue of the paragraph. To the third paragraph the plaintiff replied by a general traverse.

The issues were then submitted to a jury, who returned the following verdict: "We, the jury, find for the plaintiff the principal and interest, amounting to 229 dollars and 67 cents. We are also unable to find usury in said note." Judgment was rendered on the verdict. Afterwards, at the same term at which judgment was so given, the defendant moved for a new trial; but his motion was overruled and he excepted. This motion, it is insisted, was not available, because it was made after the judgment in the cause was entered against the defendant. There is nothing in the objection. The statute says: " The application' for a new trial must be made at the term the verdict or decision was rendered." 2 R. S., p. 119, sec. 354. This provision, as we construe it, allows the party, though judgment has been given against him, to move for a new trial at any time during the term.

The appellant assigns various errors, but those mainly relied on in argument relate to the action of the Court in sustaining the demurrer to a part of the fourth paragraph of the answer, and to the ruling upon the motion for a new trial. The part demurred to is thus alleged: " The plaintiff had in his hands, as trustee, for the use of the defendant, 1400 dollars, and the defendant being in need of two horses, requested the plaintiff to procure them for him in part payment of the above sum—which horses were then and there procured by the plaintiff and delivered to the defendant in such payment. But inasmuch as the delivery of them was an advance payment on the 1400 dollars—the same not being then due—it was agreed between the defendant and the plaintiff that defendant should execute a note instead of a receipt, so that it could draw interest at 10 per cent. Such note was then and there given by the defendant, and after it was

Beals *v.* Beals.

given, viz., on the 8th of *March*, 1858, the defendant instead thereof executed the note in suit," &c.

The appellee insists that the matter, to which the demurrer applies, is not well pleaded; because it sets up a verbal, contemporaneous agreement, varying the legal effect of the note. There are various decisions to the effect that such agreement is a nullity, but the decisions thus made are applicable, alone, to cases in which the verbal agreement relates to instruments conceded to be on a valid consideration, and operative. But here, as we understand the defence, the instrument was not intended by the parties to be operative as a promissory note; the amount stated on its face was agreed to be credited on a demand of the defendant against the plaintiff, when that demand matured and it was given in the form of a note, instead of a receipt, as indicating an amount of money upon which interest was to be calculated. As we have seen, the note in suit was executed in lieu of the one just referred to, and is, in view of the alleged facts, liable to the same construction. And, as the demurrer concedes these facts to be true, it can not be a proper basis upon which to found an action. *Norman* v. *Norman*, 11 Ind. 288; 2 Ph. Ev., 4th Am. Ed., p. 673, note 495.

The causes for a new trial, so far as they are noticed in the appellant's brief, are as follows:

1. The Court erred by instructing the jury, that if the usury, if any there be in the note, is more than one year old, it is barred by the statute of limitations.

2. The Court erred by its refusal to give instructions moved by the defendant.

The first cause is not available, for the reason that the record is silent as to whether the instruction alleged to be erroneous was, or not, given to the jury during the progress of the trial. And not appearing to have been so given, and excepted to in the mode prescribed by the statute, the giving

of it can not be assigned as cause for a new trial. The instructions referred to were to this effect:

1. If the jury believe that *Daniel Beals, Sr.*, intended and designed to give to *Samuel Beals* 40 acres of land, or its value, and he conveyed the land to the plaintiff, with the express understanding and agreement that he, the plaintiff, was to pay *Samuel* the value of the land, the defendant is, in this suit, entitled to recover such value.

2. If the jury believe that *Samuel Beals* never received any advancement or share of his father's estate, and his father conveyed 40 acres of land to the plaintiff in consideration that he would pay *Samuel* the just value of said land, it will entitle the defendant to recover the amount of that value in this suit, for in such case the person so receiving a conveyance of land, holds it in trust—a trust necessarily implied from the nature of the transaction.

The refused instructions, as has been seen, assume these facts, viz: "The plaintiff, in consideration of 40 acres conveyed to him, by *Daniel Beals, Sr.*, promised the grantor to pay the defendant the value of the land." There was evidence tending to prove the facts thus assumed, and the inquiry arises, were the instructions proper directions to the jury?

At common law the defendant, the consideration not having moved from him, could not have recovered on the promise. *Farlow* v. *Kemp*, 7 Blackf. 544. But in equity the rule is different. 2 Story's Eq. Jur., sec. 1041; *Fausler* v. *Jones*, 7 Ind. 277. And under the system of procedure now in force, there being no distinct court of equity, the defendant would be, in the case made by the instructions, entitled, under his pleadings, to equitable relief. From the nature of the transaction it is evident that a trust resulted to the defendant, and the plaintiff is liable to account to him, as his trustee, for the value of the land. Story's Eq. Jur., sec. 1169. The instruc-

tions were pertinent to the issues, and, it seems to us, should have been given.

But the appellee assigns a cross error to the effect, that "the Court erred in overruling the demurrer to the third paragraph of the answer." No objection to that pleading is pointed out, in argument, nor do we perceive any. If what has been said in reference to the instructions be correct, the defence in question is not demurable.

*Per Curiam.*—The judgment is reversed with costs, and the cause remanded for another trial.

*D. C. Chipman, E. Stone* and *S. Maker*, for the appellant.
*Jer. Smith*, for the appellee.

