## GWALTNEY *v.* WHEELER and Another.

STATUTE OF FRAUDS.—CONTRACT.—Certain real estate belonging to A was sold at sheriff's sale, on a judgment of foreclosure against A and wife. B and C purchased the land at the sale and received a certificate of sale from the sheriff.   About the time of the sale A entered the military service of the *United States,* and while he was absent in such service D purchased the land from B and C, on a parol agreement to pay the sum of $400 to them, take their assignment of the certificate of sale, sell the land, and out of the proceeds of the sale to retain a debt of about $40 due him from A, and to pay the balance to the wife of A.   B and C assigned the certificate to D, in consideration of his said undertaking, and he procured a sheriff's deed for the land and afterwards sold it for $2,800, and failed and refused to pay any portion of it to A's wife.

*Held,* that the promise of D to B and C in favor of the wife of A was not within the statute of frauds, and was upon a sufficient consideration, moving from B and C, on the one side, to D, on the other, and that she was entitled to the benefit of the contract and might sue for a breach of it.

APPEAL from the *Gibson* Common Pleas.

GREGORY, C. J.—Suit by *Wheeler* and wife against *Gwaltney.* The complaint alleges that *Reitz* and *Haney,* at the *March* term, 1861, of the *Gibson* Common Pleas, recovered judgment against *Wheeler* for $703 33, and also a decree of foreclosure of a certain mortgage, executed by the appellees to secure said debt, being a mortgage upon the undivided half of certain real estate, describing it; that *Beloat* became replevin bail on the judgment; that on the 25th of *October,* 1861, an order of sale was issued on the judgment and decree to the sheriff of said county, by virtue of which he sold the real estate to *Reitz* and *Haney* for $250; that afterwards execution was issued to the sheriff, commanding him to levy the balance of the judgment of the property of *Wheeler* and *Beloat,* the replevin bail, by virtue of which execution the remaining undivided half of the land was sold by the sheriff to *Reitz* and *Haney;* that they received from the sheriff certificates of sale for the undivided halves of the real estate; that *Wheeler,* about this time, entered the military service of the *United States,* and went to the seat of war, in the rebel states; that while *Wheeler* was thus absent from home, the appellant visited *Reitz* and *Haney,* and fraudulently pretended to them that he was interested in the welfare of *Wheeler's* wife, and desired to procure the real estate, or the proceeds thereof, for her benefit, and to secure to himself a small debt due him from *Wheeler;* that he proposed to purchase the land from *Reitz* and *Haney* for the benefit of *Wheeler's* wife, upon the following terms, that is to say, he would pay *Reitz* and *Haney* $400, and take from them an assignment of the two certificates of sale; that he would sell the property, and out of the proceeds of such sale he would retain the sum paid to *Reitz* and *Haney,* the debt due himself from *Wheeler,* amounting

to some $40, and would pay the balance to *Wheeler's* wife; that *Reitz* and *Haney*, being moved by this promise and pretense, and in consideration thereof, assigned the certificate of purchase to the defendant; that the real estate was of far greater value than the sum of $400, and any debt due or owing from *Wheeler* to the defendant; that the defendant procured the sheriff's deed for the land, and afterwards sold the same, and the improvements thereon, for $2,800, and has failed and refused to pay any portion thereof to *Wheeler's* wife, or in any manner to comply with his contract. The complaint shows that after the execution of the mortgage, and before the sale to *Reitz* and *Haney*, *Wheeler* had conveyed the land to *Beloat*, and that *Beloat* had conveyed the same, except some five acres, to one *Williams*. A demurrer to the complaint was overruled, and this is assigned for error.

It is urged that the complaint shows a trust in favor of *Wheeler's* wife, and that such trust, not being shown to be in writing, is void under the statute of frauds. Here is a promise in favor of Mrs. *Wheeler*, on a sufficient consideration, moving from *Reitz* and *Haney*, on the one side, to the defendant, on the other. She is entitled to the benefit of such promise, and may sue in equity for a breach thereof. *Devol et al*. v. *McIntosh et al*., 23 Ind. 529, and the authorities there cited. Such a promise is a personal covenant, and gives no interest in the land, although a court of equity would perhaps decree a specific performance of the contract. It is not within the provision that "no trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing." There is no analogy between the case in judgment and *Irwin* v. *Ivers*, 7 Ind. 308. In that case the attempt was to show that the land had been conveyed to *William Ivers*, as trustee for the children and heirs of the grantors, and the bill sought an accounting against *Ivers* as trustee. But admitting that the case at bar is one of trust, the defendant is

not in a condition to avail himself of the statute of frauds; he is infected with fraud, and parol trusts in real estate are frequently established in direct contravention of the statute, on the ground of fraud. Hill on Trustees 59; *Arnold* v. *Cord,* 16 Ind. 177, and the cases cited. The court below committed no error in overruling the demurrer to the complaint. On the trial of the cause, the appellant proved that a written memorandum of the terms of the contract between him and *Reitz* and *Haney,* not signed, had been made out at the time the contract was consummated, which memorandum had been re-delivered to *Reitz* and *Haney* and destroyed. The appellant offered to prove the contents of the written memorandum, but the court ruled out the evidence, and this is assigned for error. The writing was not an executed instrument between the parties; it was a mere memorandum, made at the time of the transaction, and, if in existence, might have been used to refresh the memory of the witness, but we know of no rule of law allowing proof of the contents of such a memorandum in case of its loss or destruction.

The next error alleged is that the court refused to allow the appellant to prove the value of certain repairs and improvements made by him upon the real estate after his purchase from *Reitz* and *Haney,* and before the sale by him. The answer was the general denial. The proof offered was not in denial of the facts alleged in the complaint. To avail the defendant, the matter offered in evidence should have been pleaded specially. 2 R. S. 1852, § 66, p. 42.

The appellant offered to introduce in evidence the deed from the appellees to *Beloat,* and from the latter to *Williams,* conveying the land. The court below ruled them out. There was no error in this. The fact that Mrs. *Wheeler* had parted with all her interest in the lands before the purchase by the defendant has no bearing upon the question of the liability of the latter to the former, growing out of the promise made by the latter to *Reitz* and *Haney.* It was not for the defendant to avail himself of such a

defense. He had got the land for a nominal sum, in consequence of his fraudulent pretense that he was buying it for Mrs. *Wheeler's* benefit, and having reaped the fruits he cannot escape the obligation imposed by his promise. This being the law, it disposes of the question raised on .the instructions of the court to the jury. It was immaterial whether Mrs. *Wheeler* had or had not a right of redemption in the lands.

The judgment is affirmed, with costs and five per cent. damages.

*A. C. Donald*, for appellant.

*J. T. Embree*, for appellees.