*W. C. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, and *J. R. Carnahan*, for the State.

————————◆————————

## DAVIS v. CALLOWAY.

CONTRACT.—*Promise for the Benefit of Third Person.*—The promise of A. to B. to pay B.'s indebtedness to C. may be enforced in equity by C., though not a party to the agreement. If the promise be accepted by C., he may maintain an action at law thereon.

SAME.—*Rescission of.*—Until such acceptance by C., the parties to the agreement may rescind it.

SAME.—*Consideration.*—A promise may be a sufficient consideration for a promise.

APPEAL from the Wayne Civil Circuit Court.

GREGORY, J.—Davis sued Calloway on a promise by the latter to pay the former one hundred dollars, in an agreement between Calloway and one Keplinger and others. The first paragraph of the complaint sets out a copy of the

written agreement, which shows on its face a consideration passing from Keplinger and others to Calloway, for the promise of the latter to Davis. There is an averment of an indebtedness to the same amount from Keplinger to Davis. A demurrer was sustained to this paragraph. The plaintiff, under leave to amend, added two other paragraphs to the complaint. Demurrers were sustained to each, and a final judgment rendered against the appellant.

The second paragraph differs from the first in this: the consideration passing from Keplinger and others to Calloway is averred; and it is further alleged, that after the execution of the agreement, the parties thereto, by mutual consent, by and between themselves, without the knowledge or consent of the appellant, rescinded and changed the terms of the contract, which had been fully executed as changed.

The third paragraph avers that, on, &c., Keplinger was indebted to the plaintiff in the sum of one hundred dollars for professional services as attorney and counselor at law, and being so indebted, Calloway did, on, &c., promise to pay the plaintiff one hundred dollars, in consideration that Keplinger, his wife, and one Gwynn, would agree, in writing, with said Calloway to the performance of certain things specified in the writing, set out in the first paragraph of the complaint. That the writing was executed, and as a part of it, the appellee promised to pay in hand to the plaintiff one hundred dollars, which was by the plaintiff accepted and agreed to, which was due and unpaid.

The court below erred in sustaining the demurrers to the first and third paragraphs of the complaint. Davis, as the creditor of Keplinger, could maintain an action on the promise of Calloway. This is not an open question in this State.

In *Cross* v. *Truesdale*, 28 Ind. 44, the rulings of this court were carefully reviewed; and it was held, in conformity with *Bird* v. *Lanius*, 7 *id.* 615; *Day* v. *Patterson*, 18 *id.* 114; and *Devol* v. *McIntosh*, 23 *id.* 529, that an action can

be maintained by one in whose favor such a promise is made, although he is not a party to the agreement.

By the code, the complaint can be regarded as a bill in chancery under the old practice. In equity, Davis had the right to enforce the promise of Calloway to pay the debt due him from Keplinger. *Devol* v. *McIntosh, supra.*

The third paragraph avers an acceptance of the promise of Calloway by Davis. This would be good at law. But the second paragraph shows that the agreement was rescinded by the parties thereto. Until the acceptance by Davis of the promise of Calloway, the parties to the agreement had the right to rescind. That paragraph is bad, and the court below committed no error in sustaining the demurrer to it. It is proper to state that there was no question as to parties raised by the demurrers.

It was not necessary to aver performance of the agreement by Keplinger and his co-obligors. The promise to pay Davis was not dependent, but was made in consideration of stipulations in the agreement of Keplinger and others.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrers to the first and third paragraphs of the complaint, and for further proceedings.

*W. A. Peele*, for appellant.

*W. S. Ballenger*, for appellee.