*S. Claypool* and *F. P. A. Phelps*, for appellees.

| 31 | 41 |
|-----|-----|
| 129 | 219 |

| 31 | 31 |
|-----|-----|
| f153 | 405 |

## Mathews *v.* Ritenour and Another.

CONTRACT.— *Consideration.—Promise for Benefit of Third Person.*—Where a defendant-surety in a judgment which he is in danger of being compelled to pay (it being a lien on land belonging to him, and the principal defendant being insolvent), agrees to give up as canceled and satisfied a note which he holds against the principal defendant, if the judgment-plaintiff will accept such other surety as the principal defendant can procure, and will release and satisfy the judgment as to such defendant-surety, and, thereupon, the plaintiff enters satisfaction of the judgment and accepts other personal security procured by the principal debtor; there is a valuable consideration moving to the defendant-surety from the judgment-plaintiff, and also from the new surety; and the principal defendant, not a party to the agreement, may, whether it be made with the judgment-plaintiff or with the new surety, if it be intended for his benefit, but not otherwise, avail himself of it in an action against him on the note by such defendant-surety.

APPEAL from the Tippecanoe Common Pleas.

GREGORY, J.—Suit by Anthony Ritenour against Mathews on two promissory notes. The questions presented by counsel arise on the third and sixth paragraphs of the amended answer.

The third paragraph avers, that in April, 1862, one Clement G. Jones recovered a judgment in the Warren Circuit Court against the defendant, the plaintiff, and one William Ritenour, on a promissory note executed by Mathews as principal and Anthony and William Ritenour as sureties; that the judgment was $1,969.20 and costs; that before and at the time the judgment was rendered, Mathews was in insolvent and embarrassed circumstances and unable to pay his debts; that the sureties were in danger of being compelled to pay the judgment; that the plaintiff, Ritenour, owned a large body of land in Warren county upon which the judgment was a lien; that he was anxious to be relieved, released, and discharged from liability on the judgment; and to that end, he agreed with Jones that if the latter would accept such other sureties as the defendant, Mathews, could procure, and release him (the plaintiff) from liability on the judgment, whereby his land would be unincumbered, then, and in that case, he, the plaintiff, would give up to the defendant as canceled and satisfied the notes in suit, and would release and discharge Mathews from liability thereon; that, in pursuance of the agreement, the defendant did procure other personal security which Jones accepted, and the latter thereupon entered a full release and satisfaction of the judgment; that the agreement was meant and intended for the benefit of the defendant, Mathews. Prayer, that the notes be canceled and surrendered, and for general relief.

The sixth paragraph avers a like agreement between the plaintiff and one Benjamin Judy and one James H. Keys, who became the new sureties to Jones for the amount of his judgment; but this paragraph omits the averment that the agreement was meant and intended for the benefit of Mathews.

Separate demurrers were sustained to each of these paragraphs, to which the appellant excepted.

There are two objections urged to the sufficiency of these paragraphs. The first is, that there is no consideration for the agreement; the other is, that Mathews cannot avail himself of it because he was not a party to it.

Valuable considerations are those which confer some benefit upon the party by whom the promise is made, or upon a third party at his instance or request, or from which some detriment is sustained, at the instance of the party promising, by the party in whose favor the promise is made. Ritenour was benefited by being released from the judgment; Jones gave up his judgment; Judy and Keys incurred liability by becoming sureties for Mathews to Jones. It is very clear that there was a valuable consideration for the agreement.

The next question is one of more difficulty. As Mathews was in embarrassed circumstances, both Jones and the new sureties had an interest in removing his liability to Ritenour on the note in suit; and it is clear to our minds that Jones could have a specific performance of the contract with him. It is equally clear that Judy and Keys could have a like performance of the contract with them. But the question whether Mathews can avail himself of this contract must turn on the alleged fact of its having been meant and intended for his benefit.

It is competent for the friends of one in embarrassed circumstances to compound his debts, and such transactions have always been upheld by the courts. Mathews owed two debts—one to Jones, and the other to Ritenour; he was embarrassed; he could perhaps pay the one if he were released from the other; there is nothing in the law which prohibits the making of a valid contract by which such a result would be reached.

*Gwaltney* v. *Wheeler*, 26 Ind. 415, is very much in point. In that case, Mrs. Wheeler sustained an action on an agree-

ment made for her benefit in a contract between Gwaltney on the one side, and Reitz and Haney on the other. It is said by the judge speaking for the court, "Here is a promise in favor of Mrs. Wheeler, on a sufficient consideration, moving from Reitz and Haney, on the one side, to the defendant on the other. She is entitled to the benefit of such promise, and may sue in equity for a breach thereof." See, also, *Davis* v. *Calloway*, 30 Ind. 112; *Cross* v. *Truesdale*, 28 Ind. 44.

The sixth paragraph is bad for the want of the averment that the agreement was meant and intended for the benefit of Mathews.

The court erred in sustaining the demurrer to the third paragraph of the amended answer of the appellant.

The judgment is reversed, with costs, and the cause remanded, with direction to overrule the demurrer to the third paragraph of the amended answer, and for further proceedings.

*J. H. Brown* and *W. C. Wilson*, for appellant.

*J. McCabe*, for appellee.

