## Miller *v.* Billingsly.

Contract.—*For Benefit of Third Person.*—Where A. delivers a sum of money to B. on his promise to deliver the same to C., as a gift from A., the money may be recovered from B., on his refusal to deliver it, by C., in an action for money had and received to his use.

Same.—*Law and Equity.—Rule Under the Code.—Trustee.*—In actions at law, privity of contract is essential; the rule is otherwise in equity, and the systems being blended in this State, a party, not known as a contracting party, but for whose benefit the contract was made, may maintain a suit to enforce the contract under the code, even although ignorant of the contract at the time when it was made, if when informed thereof he accept its provisions. The party receiving the money is treated as a trustee for the beneficiary.

Interest.—*Breach of Trust.*—Interest is properly allowed where there has been a gross breach of trust.

Practice.—*Assignment of Error.*—Where no demurrer has been filed to an amended complaint, its sufficiency can only be questioned on appeal by a proper assignment of error.

APPEAL from the Dearborn Common Pleas.

Buskirk, J.—This was an action by the appellee against the appellant for money had and received.

The only valid assignment of error is based upon the refusal of the court to grant a new trial.

The facts, as proved upon the trial, are these: Baily G. Hayes, in 1869, gave to the appellant a draft upon a firm in Cincinnati, Ohio, for either one thousand or eleven hundred dollars, and directed him, when he received the money, to pay to Baily Hayes one hundred dollars, to Hayden Miller one hundred dollars, to the appellee five hundred dollars, and the balance he was to have as a loan. The appellant, upon receiving the draft, undertook and agreed with the said Baily G. Hayes to pay and deliver the said sums of money to the persons named. The appellant, in a few days after receiving the said draft, drew the money thereon and paid to Baily Hayes and Hayden Miller each one hundred dollars. Baily G. Hayes and the appellee were half-brothers, and had not seen each other for over twenty years. The money sent to the appellee was intended as a gift. The appellant was directed, when he delivered the money to the appellee, to say

to him that it was sent to him as a present from his half-brother. The appellant failed and neglected to deliver the said money to the appellee; nor did he inform him that he had received the same for him. The appellee did not, for about two years after the same had been sent, know that the money had been so sent to him. He had not heard of it until after the death of Baily G. Hayes. When he was informed by the widow of the said· Hayes that the money had been so sent, he called upon the appellant and asked him if Baily G. Hayes had not sent by him five hundred dollars. The appellant, at first, refused to answer, but finally he admitted that it had been so sent, and when the same was so demanded of him, he refused to pay it. We have thus stated the facts as proved upon the trial by the witnesses of the appellee.

The appellant was examined as a witness on his own behalf, and testified to Baily G. Hayes' giving him the check for a thousand dollars, with directions, when he received the money, to give to Baily G. Hayes one hundred dollars, to Hayden Miller one hundred dollars, to the appellee four hundred dollars, and the balance he was to retain as a loan; that he agreed to deliver the money to Baily Hayes and Hayden Miller, but refused to deliver the money to the appellee; that he offered to give his note to Mr. Hayes for the whole amount, which he refused to take; that it was finally agreed between them that he was to draw the money on the draft, and to retain in his possession the portion intended for the appellee, until Mr. Hayes came up, when he himself would deliver the money to the appellee; that he drew the money on the draft and delivered one hundred each to Baily Hayes and Hayden Miller; that Baily G. Hayes did not come to Dearborn county, but died soon afterward; and that he had never informed the appellee that said money had been sent to him, nor had he ever paid the same to the appellee or returned it to Mr. Hayes, or to any one for him.

It is very obvious to us, from the verdict, that the jury disbelieved the testimony of the appellant, so far as it dif-

fered from the testimony of the other witnesses. We think the very decided weight of the testimony was with the plaintiff, and that the verdict of the jury was not only supported by the evidence, but that the jury was imperatively required by the weight and force of the evidence to find as they did.

The question presented for our decision is, whether the plaintiff, upon the facts of the case, was entitled to maintain an action for money had and received to his use and benefit. The position assumed by counsel for appellant is, that the contract and agreement was between the appellant and Baily G. Hayes, and that the promise of the appellant was made to the said Hayes, and not to the appellee; and that, as there is no privity of contract between the appellant and appellee, the action cannot be maintained.

The appellant is not without authority to support his position. There are four decisions of this court sustaining the doctrine contended for. *Salmon* v. *Brown*, 6 Blackf. 347; *Farlow* v. *Kemp*, 7 Blackf. 544; *Britzell* v. *Fryberger*, 2 Ind. 176; *Conklin* v. *Smith*, 7 Ind. 107.

The above cases were actions at law, and the decisions were based upon the doctrine, that at law a promise by one to another, for the benefit of a third party, could not be enforced by the latter. But the rule in equity was always different. In the case last cited, the court adhered to the former rulings of this court with great reluctance. It was admitted that such decisions created a great hardship, and were in conflict with the decisions of other states, and the principles laid down by elementary writers.

In the subsequent case of *Bird* v. *Lanius*, 7 Ind. 615, the equity rule was recognized as being in force in the State, and it was held that a promise by one to another, for the benefit of a third party, could be enforced by the latter.

The decision in the above case has been uniformly and closely adhered to in all subsequent decisions. *Ball* v. *Silver*, 17 Ind. 539; *Cloud* v. *Moorman*, 18 Ind. 40; *Day* v. *Patterson*, 18 Ind. 114; *Lamb* v. *Donovan*, 19 Ind. 40: *Shucraft* v. *Davidson*, 19 Ind. 98; *Ellston* v. *Scott*, 19 Ind. 290; *Beals*

v. *Beals,* 20 Ind. 163; *Devol* v. *McIntosh,* 23 Ind. 529; *Cross* v. *Truesdale,* 28 Ind. 44; *Davis* v. *Calloway,* 30 Ind. 112; *Marlett* v. *Wilson's Ex'r,* 30 Ind. 240; *Mathews* v. *Ritenour,* 31 Ind. 31; *Jaqua* v. *Montgomery,* 33 Ind. 36; *Ritenour* v. *Mathews,* 34 Ind. 279.

In actions at law, privity of contract is essential, but the rule is, and always has been, different in equity; and the rule should be regarded as settled in this State, that a party, not known as a contracting party, for whose benefit the contract was made, may maintain a suit upon it in equity. Under our code of procedure, the plaintiff is entitled, on bringing his action, to whatever relief either law or equity would have afforded him, on the case made, before the distinction between them, in practice, was abolished. The two systems are blended together, and either legal or equitable rights are to be enforced in the "civil action" provided for. *Potter* v. *Smith,* 36 Ind. 231; *Frenzel* v. *Miller,* 37 Ind. 1.

In the above cases, the person making the promise, or receiving the money or article, is treated as a trustee for the person for whose benefit the promise was made, or for whose use the money or article of value was received. It is not necessary that the person for whose benefit the promise was made should have been aware of the promise when it was made. It is sufficient if such person, when informed thereof, accepts of, and acts upon, such promise. If he repudiates the benefit intended, he waives any right to enforce the promise.

It is claimed by counsel for appellant that the damages are excessive. We do not think so. The facts in the case conclusively show that the appellant was guilty of a gross and inexcusable breach of trust, and it was eminently proper for the jury to allow interest.

Counsel for appellant have discussed with much ability the sufficiency of the first paragraph of the complaint. The question is not in the record. A demurrer was sustained to the original first paragraph of the complaint, and it was amended. There was no demurrer filed after the amend-

ment. It is now the settled practice that the want of jurisdiction of the court over the subject of the action, and the sufficiency of the facts in the complaint, may be presented for the first time in this court, but to authorize us to consider such questions, it must be assigned for error here, either that the court below did not possess jurisdiction of the subject of the action, or that the facts stated in the complaint were not sufficient to entitle the plaintiff to maintain the action.

But, conceding that the first paragraph of the complaint was bad, we could not, for that reason, reverse the judgment. The second paragraph was the common count for money had and received, and under that all the evidence that was admitted on the trial would have been admissible.

We have not been able to discover any error in the record.

The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs, and ten per cent. damages.

*N. S. Givan* and ―――― *Matthews,* for appellant.

*F. Adkinson* and *G. M. Roberts,* for appellee.