## CAMPBELL *v.* PATTERSON.

VENDOR AND PURCHASER.—*Purchase-Money.— Subsequent Purchaser.—Pleading.*—A complaint by A. against B., alleging the sale and conveyance by A. to C. of certain real estate, the execution by C. to A. of certain promissory notes for part of the purchase-money, the sale and conveyance by C. to B. of such real estate, the promise of the latter to pay such notes as part of the consideration of such latter conveyance, and that the same are due and unpaid, is sufficient on demurrer.

SAME.—*Defence.—Parties.—Practice.—Striking Out Pleading.*—An answer and cross-complaint in such action, asking that C. and D. be made parties defendants, and alleging that such notes had been secured by a mortgage on such real estate, executed by C. to A., and that the defendant had conveyed such real estate to D., who had assumed the payment of such notes, is insufficient and may be struck out on motion.

From the Marion Superior Court.

*G. H. Chapman, U. J. Hammond* and *J. J. Hawes*, for appellant.

BIDDLE, C. J.—In this complaint, it is averred, that Russell P. Barnum, on the 7th day of August, 1872, made four several promissory notes, payable to John Patterson, the appellee, each for one hundred and fifteen dollars,

running one and two years from date; that said notes were made in part payment of the purchase-money for certain described real estate, sold by Patterson to Barnum; that Barnum, on the 1st day of November, 1872, sold and conveyed the same real estate to Henry C. Campbell, the appellant, who agreed with Barnum to pay the notes in suit as a part of the purchase-money between himself and Barnum.

Each of the notes is set out in a separate paragraph.

There is also a fifth paragraph in the complaint, setting forth the four notes, averring that they were so given for the purchase-money for certain real estate, which was afterward sold to Campbell, who agreed to pay the notes as a part of the purchase-money for the same real estate conveyed to him by Barnum.

Copies of the notes, and of the deed from Barnum to Campbell, are made exhibits.

A demurrer to each paragraph of the complaint was filed, alleging as ground,

First. The insufficiency of the facts averred to constitute a cause of action; and,

Second. Because there is a defect of parties defendants;—but it does not show wherein the defect lies.

This demurrer was overruled, and exception reserved.

We can not regard this ruling as incorrect. The equitable principles upon which this complaint is founded have been recognized by this court, and the reasons fully given, in numerous cases. *Bird* v. *Lanius*, 7 Ind. 615; *Allen* v. *Davison*, 16 Ind. 416; *Day* v. *Patterson*, 18 Ind. 114: *Davis* v. *Calloway*, 30 Ind. 112; *Mathews* v. *Ritenour*, 31 Ind. 31; *Helms* v. *Kearns*, 40 Ind. 124; *Miller* v. *Billingsly*, 41 Ind. 489; *McDill* v. *Gunn*, 43 Ind. 315; *Josselyn* v *Edwards*, 57 Ind. 212.

The appellant then filed what he calls his "answer and cross-complaint," making Isaiah P. Watts and the appellee, Patterson, defendants thereto, alleging, among other things, "that the payment of said notes sued upon was, before

that time, secured by a certain mortgage executed by said Barnum to the said Patterson, plaintiff, upon the real estate above described, which mortgage still remains a valid and existing lien and encumbrance upon said real estate for securing the payment of said notes; that thereafter, to wit, on the 30th day of April, 1873, the said Henry C. Campbell sold and conveyed to the said Isaiah P. Watts, by his certain deed of that day, the said described real estate, by which said deed the said Isaiah P. Watts, as a part of the consideration for said real estate, assumed the payment of each and all of said notes sued upon, and agreed to pay the same. Wherefore," etc.

Upon the motion of the appellee, this "answer and cross-complaint" was stricken out, over the objections and exceptions of the appellant.

This ruling is correct. The paper, as an answer, contains nothing to bar the action, and, as a complaint, nothing which the defendants thereto were bound to answer.

Upon the rejection of the answer, the appellant refused to plead further, and the court rendered judgment against him as by default. On appeal, the judgment was affirmed at the general term.

There is no error in this ruling.

The judgment is affirmed, with costs and ten per cent. damages.