No. 8469.

## JONES ET UX. *v.* PARKS ET AL.

MORTGAGE.—*Contract of Assumption.—Right of Action.*—One who agrees with a mortgagor to assume and pay the mortgage debt may be sued upon his agreement either by the holder of the debt or by the mortgagor.

SAME.—*Pleading.—Practice.—Cross Complaint.— Personal Judgment.*—In an action of foreclosure and to obtain a personal judgment against a mortgagor and his grantee who had assumed the mortgage debt, the mortgagor filed a cross complaint alleging the promise of his grantee, and asking that the execution over be levied first upon his property. To the complaint, the grantee answered, denying personal liability, because of an alleged rescission of his contract of assumption, before notice of acceptance by the plaintiff, and to the cross complaint filed a demurrer, which the court overruled, and, sustaining the plaintiff's demurrer to the answer, gave judgment as prayed.

*Held,* that the cross complaint, to which, after the overruling of his demur-
rer, the defendant refused to plead, warranted the rendering of a per-
sonal judgment against him, and it was immaterial whether the ruling
on the demurrer to his answer was right.

PRACTICE.— *Pleading.*— *Cross Complaint.*— *Judgment.*— *Harmless Error.*—
Where a complaint and a cross complaint are filed, praying substantially
the same relief that was granted, the ruling upon an answer to the
complaint is not material, if the judgment in the respect complained of
was properly rendered upon the cross complaint.

SAME.—*Contracts.*—*Exhibits.*—Where copies of the contracts sued on are
set out in the body of the complaint, an allegation that copies are filed
is unnecessary.

From the Tipton Circuit Court.

*J. W. Robinson* and *D. Waugh,* for appellants.

*J. W. Parks, J. D. McClaren, R. B. Beauchamp, G. H.
Gifford, R. Vaile* and *J. F. Vaile,* for appellees.

WOODS, J.—Complaint in two paragraphs by the appellee
Sarah Parks, against the appellants and her co-appellees,
Thomas F. Mozingo, Anna B. McElwee and others, to fore-
close a mortgage and to obtain judgment for the amount of
the mortgage debt. The note and mortgage sued on were ex-
ecuted to the plaintiff by Mozingo, who, it is alleged, after-
ward sold and conveyed the mortgaged land, together with
other land, to the appellant Thomas B. Jones, who, as a part
of the consideration for the conveyance, assumed and promised
to pay the mortgage debt, which promise was afterward re-
duced to writing and signed and delivered by Jones to Mo-
zingo, for the use of the plaintiff, who accepted the same. The
paragraphs of the complaint do not differ in any respect neces-
sary to be stated.

The appellants, having saved exceptions to the overruling
of their demurrer for want of facts to each paragraph of the
complaint, filed an answer, wherein they alleged that the
agreement of said appellant to assume the mortgage debt was
made with Mozingo alone, and that afterward, not being in-
formed by the plaintiff, or by any one for her, that she had
accepted the agreement, the said appellant and Mozingo, by

mutual consent and for a valuable consideration in money paid by the appellant to Mozingo, cancelled the agreement.

The court sustained a demurrer for want of facts to this answer; the appellants excepted, and refused to plead further.

Mozingo filed a cross complaint, wherein he alleged the same facts substantially as are stated in the complaint, and prayed that a personal judgment be rendered against Jones upon his said contract of assumption, and that an order be made that the property of Jones be levied upon and exhausted before resorting to the property of him, the said Mozingo.

The appellants, having saved an exception to the overruling of their demurrer to this cross complaint, refused to plead thereto. Thereupon the court gave judgment upon the complaint and cross complaint, substantially as prayed in each, foreclosing the mortgage against all of the defendants, and rendering a judgment over against Jones and Mozingo, with direction for the levy of the execution first on the property of said appellant. This judgment the appellants afterward, at the same term of court, moved to modify, and saved an exception to the overruling of the motion.

The first objection made to the complaint is that it is not in terms declared that copies of the note sued on and of the alleged contract of assumption are filed with and made a part of the complaint. But the copies are contained in the body of the pleading, and such an averment, therefore, would have been superfluous. *Adams* v. *Dale*, 29 Ind. 273.

The other objections are substantially the same as were considered and decided, adversely to the appellants, in the case of *Davis* v. *Hardy*, 76 Ind. 272, and need not be restated here.

While it is true that the holder of a mortgage or other obligation may sue upon the promise of a third party made to the debtor, to assume and pay the debt, it is also the rule, that the debtor to whom the promise was made may sue to enforce it. *Devol* v. *McIntosh*, 23 Ind. 529; *Tinkler* v. *Swaynie*, 71 Ind. 562. It follows that the cross complaint of Mozingo was good, and entitled him to a judgment against the appel-

lant upon his agreement to pay the debt, and to the order that the execution be first levied upon the appellant's property. This makes it immaterial to consider whether the answer of the appellants to the complaint was good or not. If it were conceded that the answer showed a good defence to the claim of the plaintiff for a personal judgment against the appellant, still the error of the court in sustaining the demurrer is harmless, because upon the cross complaint, which was not answered, it was the duty of the court to give a personal judgment against the appellant for the amount of the plaintiff's claim, and this judgment, though it had been entered formally in favor of the cross complainant, Mozingo, necessarily would have enured to the benefit of the plaintiff. Upon the whole record, therefore, the result reached was right, and the judgment can not be set aside on account of an error which did not affect the result.

What we have already said disposes of the motion for a modification of the judgment.

The judgment is affirmed, with costs.