Nov. Term,
1855.

SPOONER
v.
DUNN.

SPOONER and Another, Executors, *v.* DUNN.

Where a specific lien or substantial benefit is surrendered, upon the express promise of a third person to pay a debt, the promise is an original undertaking, and not within the statute of frauds.

APPEAL from the *Dearborn* Court of Common Pleas.

*Wednesday, November* 28.

GOOKINS, J.—This action was brought by *Strange S. Dunn* against *George H. Dunn*, in his lifetime, upon the promise of the latter to pay certain debts of *Coll* and *McGroty*, made under the following circumstances: The plaintiff had obtained judgments before the mayor of the city of *Lawrenceburgh* against *Coll* and *McGroty*, who were sub-contractors for work on a railroad of which the defendant was president. Having levied his executions upon property sufficient to satisfy them, the plaintiff, with the defendants in the executions and the officer, went to the office of the railroad company, where the defendant verbally promised the plaintiff, that if he would release his levy, and return the executions, he would pay the debts, or would see them paid, (the witness could not remember which), at the next estimate; whereupon the plaintiff released his levy, and caused the executions to be returned, and after the next estimate, brought his action on this promise. There was a trial by the Court, and judgment for the plaintiff.

The appellants insist that the promise by the defendant was made officially, on behalf of the railroad company; and that the company, if any body, is liable upon it. They also rely upon the statute of frauds.

It appears from the evidence, that at the time the promise was made, the defendant stated that a considerable amount of money would be coming to *Coll* and *McGroty* at the next estimate, which would be made in a few days; that if their property was taken from them they could not go on with their work, &c. It would be a fair inference from this testimony, that it was the understanding of the parties that the money was to come from the company to satisfy these demands. But no authority was shown,

authorizing the president to contract on behalf of the company, and there was also evidence tending to show that it was the personal undertaking of the defendant. The Court of Common Pleas having weighed this evidence, and found for the plaintiff, the result is not to be disturbed.

Upon the question of the statute of frauds, we have been referred by the appellants to several authorities which are supposed to support their position; and if we take what has been *said* by the judges, we shall have no difficulty in holding this promise within the statute. Of that character are the hypothetical cases put by *Holt*, C. J., in the case of *Watkins* v. *Perkins*, 1 Ld. Raym. 524. In *Kirkham* v. *Marter*, 1 B. & A. 613, the promise was to pay the plaintiff if he would not sue a third person, who had over-driven a horse, causing its death; and in *Fish* v. *Hutchinson*, 2 Wils. 94, the consideration of a collateral promise was, that the plaintiff would *stay* his proceedings in an action against a third person. These promises were held to be within the statute. Whether these cases can be reconciled with later authorities upon a similar state of facts, we shall not stop to inquire. There is a distinct class of cases which clearly establish the rule, that where a specific lien or substantial benefit is surrendered, upon the express promise of a third person to pay a debt, it is an original undertaking and not within the statute. *Pullin* v. *Stokes*, 2 H. Bl. 312.—*Williams* v. *Leper*, 3 Burr. 1886.—*Slingerland* v. *Morse*, 7 Johns. 462.—*Farley* v. *Cleveland*, 4 Cow. 432. The principle is recognized in *Hackleman* v. *Miller*, 4 Blackf. 322.

In this case, the plaintiff gave up his lien, and returned his executions, upon the defendant's promise to pay the amount of them. It was an original undertaking, upon a new consideration, and not within the statute.

*Per Curiam.*— The judgment is affirmed, with 5 per cent. damages and costs, to be levied *de bonis testatoris*.

*J. Ryman*, for the appellants.

*E. Dumont* and *O. B. Torbet*, for the appellee.