## Hardy and Another *v.* Blazer.

CONTRACT.—PARTIES—A, who was a warehouseman and a dealer in grain, sold his warehouse and grain to B, who agreed to assume all contracts of A, growing out of the business. Suit by C against B, alleging these facts, upon a receipt given by A for grain, which stipulated that the grain should be delivered on demand, or the market price paid.

*Held,* that the action was well brought.

*Held,* also, on demurrer for defect of parties, that A should have been joined as a defendant.

APPEAL from the *Madison* Circuit Court.

RAY, J.—The appellee charged in his complaint that the firm of *Sutton* and *Swan,* who were, on the 29th day of *August,* 1864, engaged in the warehouse, storage and wheat trade, executed to the appellee a receipt for certain wheat, then received by them in store, subject to the order of the appellee, and to be paid for by said firm at the market price. That the appellants, together with another person, who has not joined in this appeal, subsequently purchased from said

firm their warehouse and the wheat then in store, and, as part of the consideration of said purchase, contracted to redeem all the outstanding receipts, and fulfill all contracts made by said firm; that the appellee had duly demanded from the appellants the wheat mentioned in said receipt, and, upon refusal to deliver the same, had demanded the market price for the wheat, wherefore he prayed judgment, &c. A demurrer was filed, on the ground that sufficient facts were not stated in the complaint to entitle the appellee to a judgment against the appellants. This demurrer was overruled. We think this ruling fully sustained by authority. In *Ellwood* v. *Monk*, 5 Wend. 235, the defendant, *Jacob Monk*, in consideration of property delivered to him by *Johannes Monk*, undertook and promised to pay and discharge, among the claims of other creditors, the demand and claim of the said *Ellwood* against the said *Johannes*. In that case the claim was specified. We do not see that it was material, however, that such should have been the case, unless there had been some false or fraudulent representations. The action was sustained. The same rule was followed in *The Delaware and Hudson Canal Co.* v. *The Westchester County Bank*, 4 Denio 97.

In the case of *Beers* v. *Robinson*, 9 Penn. St. 229, the plaintiff was a creditor of *Keenan*, and proved that *Keenan's* property was sold at auction, and the notes given by the purchasers given to the defendant, who promised *Keenan* that he would pay his debts so far as the notes and the property purchased by the defendant would go. It was held that the creditor could maintain an action on the promise. This case is in point, as the special debt was not named. The following cases are also to the same effect: *Arnold* v. *Lyman*, 17 Mass. 400; *Fitch* v. *Chandler*, 4 Cush. 254; *Hall* v. *Marston*, 17 Mass. 575; *Felch* v. *Taylor*, 13 Pick. 133; *Carnegie* v. *Morrison*, 2 Met. 381; *Hinkley* v. *Fowler*, 15 Me. 285. An interesting review and classification of the authorities will be found in the case of *Mellen, Admx.* v. *Whipple*, 1 Gray 317. In *Eastwood* v. *Kenyon*, 39 Eng. Com. Law 438, it

was held that the 4th section of the statute of frauds contemplated only cases where the promise is made to the person to whom another is liable; therefore, a promise by the defendant to the plaintiff to pay the plaintiff's debt due to another is not within the statute.

A demurrer was also filed to the complaint, on the ground that there was a defect of parties defendant. This was also overruled. We cannot sustain this action of the court. Our code provides that any one may be made a defendant to the action who is a necessary party to a complete determination or settlement of the question involved We think the defendants, for their own protection, could insist upon the members of the firm of *Sutton & Swan* being joined in the suit, and bound by the judgment. The demurrer for this cause should have been sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*H. Craven, W. R. Pierse,* and *H. D. Thompson,* for appellants.

*J. Davis* and *E. B. Goodykoontz,* for appellee.