## Luark and Another *v.* Malone and Others.

STATUTE OF FRAUDS.—*Abandonment of Lien.*—Where a creditor having a right to a lien on property for the payment of his claim abandons such lien to a person having an interest in such property, upon the verbal promise of the latter to pay such debt, not his own, such a promise is not within the statute of frauds, and may be enforced against the person making it.

PARTIES.—*Defendants.*—Suit to enforce such a promise for the payment of an amount to be ascertained by settlement of accounts, it not appearing that such settlement had been made.

*Held,* that the original debtor was a necessary party defendant.

APPEAL from the Madison Common Pleas.

BUSKIRK, J.—The material facts stated in the complaint are these: Elijah J. Walden and Nichols and King were the owners of a lot in the city of Anderson, in the county of Madison, and State of Indiana; that they made and entered into a contract with Joseph Luark to erect for them on the said lot two business houses; that afterwards Luark employed the plaintiffs to put up the brick walls of said houses, at so much per thousand; that after a part of the work had been done under that contract it was so changed that the plaintiffs were to be paid by the day; that the plaintiffs put up the said walls, for which Luark was indebted in the sum of about eight hundred dollars; that at the time when plaintiffs had completed their part of the said building, the said Walden was indebted to the said Luark in the sum of five hundred dollars on the said contract for building the said houses; that they were in the act of filing a mechanic's lien on the said house for the amount so due to them from the

said Luark; and the said Walden, being informed thereof, requested them not to file such lien, and then and there informed them that he was indebted to Luark on the said building contract in a sum greater than Luark owed them; that it was then agreed by the said Walden that he would pay the plaintiffs the sum which the said Luark owed them, and that he would retain the amount in his settlement with Luark, on the condition that the plaintiffs would not file a mechanic's lien on the said building; that the plaintiffs, relying upon a promise of the said Walden, did not file a lien on the said building, and that the time had passed by when the said lien could be filed; that neither the said Luark nor the said Walden had paid him the said sum of money, for which sum they demanded judgment against Luark and Walden, and for other proper relief.

The appellants demurred separately to the complaint, and assigned for causes, that the complaint did not state facts sufficient to constitute a cause of action; and that there was a misjoinder of causes of action, for the reason that if the defendants were liable at all, it was a separate, and not a joint liability. The demurrer was overruled, and the appellants excepted to such ruling, and this is assigned for error.

It is insisted, in argument, by the attorney of Walden, that his agreement to pay the plaintiffs the amount due them from Luark did not create a legal liability against him, for the reason that it was a parol agreement to pay the debt of a third party. We are aware that there is great conflict in the authorities on this question, but the very decided weight of the recent decisions is, that where a person has a lien on property for the payment of his debt, and he abandons such lien to a person who has an interest in such property, upon the promise of such person to pay his debt, the promise is not within the staute of frauds, and the person making the promise is liable therefor. *Spooner* v. *Dunn,* 7 Ind. 81; Throop Validity Verbal Agreements, 564 ch. 16; Browne Stat. of Frauds, 201–5; Roberts Stat. of Frauds, 128, *n* 63.

We are quite clear that the case under consideration comes

within the rule and principle enunciated in the above authorities. The plaintiffs had a lien under the statutes of this State upon the house, for the amount due them on their work, from Luark, who also had a lien on such house for the sum due him from Walden. Walden was indebted to Luark, and to prevent a lien from being placed on his property, he agreed to pay the plaintiffs, and they, in reliance upon his promise, abandoned their lien, which was a substantial right and a sure and effectual remedy; and it would be a fraud upon them to permit Walden to avoid his promise because it was not in writing.

This court, in the case of *Spooner* v. *Dunn, supra,* say, "There is a distinct class of cases which clearly establish the rule, that where a specific lien or substantial benefit is surrendered, upon the express promise of a third person to pay a debt, it is an original undertaking and not within the statute." The correctness of the above decision has been very gravely questioned by high authority, and we are strongly inclined to hold that the doctrine was carried too far. It is stated too broadly. There should have been some qualifications or restrictions imposed. It ignores the fact that the person making the promise had any interest in the property on which the lien existed, and that he was benefitted by the abandonment of the lien. The modern and recognized doctrine on this subject is stated thus by SHAW, C. J., in the case of *Nelson* v. *Boynton*, 3 Met. 396: "The rule to be derived from the decisions seems to be this: that cases are not considered as coming within the statute, when the party promising has for his object a benefit which he did not before enjoy, accuring immediately to himself; but where the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute."

The case under consideration comes within the rule laid down in the above case. The appellees had the right to place a lien on the property of Walden. In consideration of their abandoment of this right, he made the promise. This

abandonment conferred on him a benefit which he had not previously enjoyed, and it was the immediate result of his promise. It was his property, and not that of Luark, that was released from the lien.

It is also insisted, that the court erred in overruling the demurrer to the complaint, for the reason that there was a misjoinder of causes of action. Sec. 52 of our code, 2 G. & H. 81, provides, "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action."

Walden filed an answer in denial. Luark filed an answer in four paragraphs. The first was the general denial; the second was payment; the third was a recoupment of damages occasioned by failure of plaintiffs to erect the walls of the house in the time and manner provided by the contract; the fourth alleged that when the action was commenced, he was a resident citizen and householder of Hamilton county, in the State of Indiana, and then was, and that as he was not jointly liable with Walden, the court had no jurisdiction of him. This paragraph was sworn to. There was a reply in denial. There was a trial by the court, by the agreement of the parties, and a finding for the plaintiffs. A motion for a new trial was made, overruled, and an exception taken. The evidence is in the record, and fully sustains the finding of the court on the pleas in bar. We have had some difficulty in determining whether Luark was a necessary party, but we have reached the conclusion that he was, and that the Madison Common Pleas Court acquired jurisdiction of his person. The agreement of Walden was to pay the plaintiffs the amount that Luark owed them for work on the building. The amount was not then definitely determined. It had to be ascertained by a settlement. The record does not disclose the fact that there ever was a settlement. It was therefore necessary to make Luark a party, so that the amount due from him to the plaintiffs might be ascertained, and thus fix the liability of Walden on his undertaking to pay whatever was due.

Section twenty-two of the code provides, that "the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had, without the presence of other parties, the court must cause them to be joined as proper parties," &c.

We think that the presence of Luark as a party was necessary to a complete determination of the matters in controversy in this action. If this action had been commenced against Walden alone, the court would have caused him to be made a party, and in such a case it was proper for the plaintiffs to make him a defendant. The extent of the liability of Walden depended upon the amount that Luark owed the plantiffs, and this could not be determed by the court without Luark was a party.

We are clearly of the opinion that the court committed no error.

The judgment is affirmed, with costs.

*J. W. Sansberry,* and *E. B. Goodykoontz,* for appellants.

*W. R. Pierse* and *H. D. Thompson,* for appellees.

