## CONRADT *v.* SULLIVAN ET AL.*

From the Miami Common Pleas.

*N. O. Ross* and *R. P. Effinger*, for appellant.
*H. J. Shirts* and *J. Mitchell*, for appellees.

*May term, 1873.

---

## CONRADT *v.* SULLIVAN ET AL.

STATUTE OF FRAUDS.—*Lien of Mechanic on Chattel.*—The verbal promise of a mortgagee of a chattel to pay for repairs of the mortgaged property

made for the mortgagor by a mechanic, in consideration of which the mechanic relinquishes his lien on the property for the repairs made by him, is not within the statute of frauds and may be enforced.

From the Miami Common Pleas.

*N. O. Ross* and *R. P. Effinger*, for appellant.

*W. J. Shirts* and *J. Mitchell*, for appellees.

OSBORN, J.—This was an action by the appellees against the appellant, to recover the amount due them for repairs to an omnibus.

The material facts as they appear in the bill of exceptions are, that one Shafner was the tenant of the appellant in a hotel in Peru, and in July, 1870, purchased the omnibus upon which the repairs were made, together with a span of horses and harness, for which he gave his note for five hundred dollars with the appellant as surety; that he gave to the appellant a mortgage upon the property so purchased, to indemnify him as such surety. The appellees were mechanics, and as such repaired the omnibus for Shafner, in July or August, 1870, and refused to part with their possession and lien without being paid the amount due for the repairs. On the oral promise of the appellant to pay for the repairs, they delivered the omnibus to Shafner and relinquished their lien upon it. Shafner is insolvent. In December of the same year, the appellant took the omnibus for the mortgage debt and some rent then due to him.

The only question discussed by counsel is, whether the promise made by the appellant to the appellees is within the statute of frauds and not binding because not in writing.

The appellant had such an interest in the omnibus at the time of making the promise as to bring him within the rule in *Spooner* v. *Dunn,* 7 Ind. 81, and *Luark* v. *Malone,* 34 Ind. 444. He had a mortgage upon the omnibus and a direct interest in having its value increased by the repairs and the lien which the appellees had upon it relinquished.

The whole amount of the bill was eighty-three dollars and forty cents, upon which there had been paid seventeen dollars and fifty cents. The court found for the appellees sixty-

five dollars and ninety cents, and rendered judgment for that amount and costs, which we think was right.

The judgment is affirmed, with costs and ten per cent. damages.