## HAGGERTY v. JOHNSTON.

48 41
138 283

CONTRACT.—*Statute of Frauds.*—A parol agreement, made by one who has purchased the interest of a partner in the partnership property, to pay, as a part of the consideration for the property purchased, one-half of the debts of the old partnership, may be enforced against such purchaser by the holder of a note made by the members of the old firm. Such agreement is not within the statute of frauds.

From the Elkhart Common Pleas.

*J. H. Baker* and *J. A. S. Mitchell,* for appellant.

*W. A. Woods,* for appellee.

BUSKIRK, C. J.—The questions relied upon for a reversal of the judgment in this case arise entirely upon the first paragraph of the complaint. That paragragh alleges that on the 10th day of April, 1868, Winebrenner & Barnett, who were trading as partners under that name, were indebted to the appellee in the sum of six hundred and thirty-two dollars, evidenced by a note executed in the partnership name; that while such indebtedness existed, Winebrenner sold out his interest in said firm to the appellant, who, as a part of the consideration of the sale, assumed to pay Winebrenner's share of the firm debts, Barnett consenting to such arrangement; that the new firm assumed the name of T. Barnett & Co.; that afterward, on the 30th day of September, 1869, the said firm, in consideration of the aforesaid agreement and understanding, assumed, and in a written agreement indorsed on the back of such note, agreed, to pay said note, with ten per cent. interest thereon. A copy of the note and a copy of such agreement were made a part of and filed with said paragraph.

The appellant answered in four paragraphs.

1. The general denial.

2. *Non est factum,* as to the indorsement on the back of the note.

3. That the note sued on was the note of Winebrenner & Barnett; that the consideration for which the note was given was money loaned by the appellee to said firm of Winebrenner

& Barnett; that the appellant became a partner with Barnett, having purchased the interest of Winebrenner; that Barnett made the indorsement on the back of the note without any authority, and without appellant's knowledge or consent, and that appellant received no consideration whatever for the making of said indorsement; that appellee knew that the appellant had no part of the consideration of said note, and that he had not consented to the endorsement or contract thereon made; and that the appellee and Barnett treated it as Barnett's individual debt by the appellee's taking a mortgage on the individual property of Barnett, to secure the payment of such note.

4. That the appellant and Barnett were partners; that by their partnership agreement the firm was not to borrow money or to become liable for borrowed money; that the notes in suit were given for money loaned by the appellee to Barnett for his own use and benefit, and not for the benefit of the firm; that Barnett executed a mortgage on his individual property to secure the indebtedness, and that in consideration of Barnett's agreement to convey a lot to appellee and pay off a prior mortgage of three hundred dollars, appellee agreed to release the firm from any liability on said notes; and that said lot had been conveyed and accepted by the appellee, who still retained the possession thereof, and the said three hundred dollars secured by the said prior mortgage had been paid.

A demurrer was overruled to the second, third, and fourth paragraphs of the answer, and the cause was put at issue by a reply in denial.

The cause was submitted to the court for trial, and resulted in a finding for the appellee. The court overruled a motion for a new trial, and rendered judgment on the finding.

The appellant has assigned for error the overruling of his motion for a new trial.

It is claimed that the court erred in overruling the motion to suppress the eighth and ninth questions and answers in the deposition of Winebrenner, which were as follows:

"Question 8. What were the terms and conditions on which

Haggerty *v.* Johnston.

you sold your interest in said partnership to defendant Robert J. Haggerty? and state whether defendant Barnett knew of your sale, its terms, and conditions, and consented thereto.

"Answer 8. I sold my interest to defendant Robert J. Haggerty for twenty-five hundred dollars, and he assumed with Barnett to pay all the partnership debts, and I was to be released by defendant Haggerty from all partnership debts. Defendant Barnett knew of my sale and its terms and conditions, and consented thereto.

"Question 9. State particularly what arrangement or agreement was made as to payment of debts of Winebrenner & Barnett, who was to pay the same, whether the old firm or the new firm, and if not either, then who was to pay the same.

"Answer 9. The new firm was to pay all debts. The defendant Barnett was present when I sold to Robert J. Haggerty. The agreement at that time was that the new firm of Haggerty & Barnett should assume and pay up all the debts of the old firm of Winebrenner & Barnett."

It is contended by counsel for appellant that the agreement sought to be established by the above questions and answers is within the statute of frauds. It is argued that the above evidence does not bring this case within that class of cases where one person agrees to pay his own debt by paying the money to a third person, because the appellant did not agree to pay a certain sum for the interest of Winebrenner in the partnership, and that instead of paying it all over to Winebrenner, he agreed, as a part of the purchase price, to pay certain specified debts. While it is not expressly testified that the appellant agreed to pay one-half of the firm debts as a part of the consideration of his said purchase, we think the agreement amounted to that, in substance. The appellant agreed to pay twenty-five hundred dollars in money to Winebrenner, and assumed to pay his share of the firm debts. We think it plainly appears that the agreement of the appellant to pay one-half of the firm debts constituted a part of the consideration of his purchase. He, therefore, agreed to pay his own debt, but instead of paying directly to Winebrenner, he agreed.

to pay certain debts to third persons.   It is the settled law of this State that, a party not known as a contracting party, but for whose benefit the contract was made, may maintain an action thereon.   *Miller* v. *Billingsly*, 41 Ind. 489, and authorities there cited.

In our opinion, the present case falls within the principle enunciated in *Hardy* v. *Blazer*, 29 Ind. 226, which ruling seems to be fully supported by the authorities there cited.   *Maule* v. *Bucknell*, 50 Pa. St. 39.

The case of *Shoemaker* v. *King*, 40 Pa. St. 107, mainly relied upon by counsel for appellant, seems to be somewhat in conflict with the rule established in this State by the cases of *Hyer* v. *Norton*, 26 Ind. 269, *Cross* v. *Truesdale*, 28 Ind. 44, and *Hardy* v. *Blazer*, 29 Ind. 226, and the cases therein cited, but we think we would better adhere to our own line of ruling.

Having reached the conclusion that the parol agreement of appellant to pay Winebrenner's share of the firm debts was not within the statute of frauds, we need not decide whether the agreement entered on the note by Barnett was binding on the firm.

It is next insisted that the finding of the court is not supported by the evidence.   The point most relied on is, that it is not shown that the agreement to pay the firm debts constituted a part of the consideration of the purchase.   As has been seen, we have reached a different conclusion.

It is further claimed that the evidence does not show that the agreement of the appellant included the debt due the appellee.   The appellant testified that he agreed to pay all the partnership debts which had been created for goods, but that he did not agree to pay debts created for borrowed money.   Winebrenner, on the other hand, testified that appellant agreed to pay all the debts of the firm, without reference to the character of the indebtedness.   The question of the credibility of these witnesses was fairly submitted to the jury, and we can not disturb such finding.

There was no error in overruling the motion for a new trial. The judgment is affirmed, with costs.