CRAWFORD *v.* KING.

STATUTE OF FRAUDS.—*Contract.*— *Verbal Promise to Pay Debt of Another.*— *Surrender of Lien.*—In an action by the payee of a promissory note against the widow of the deceased surety thereon, to recover of her the amount of such note, the allegations of the complaint therein were, the execution of such note by decedent, as surety of another, who executed it as principal; the decease of such surety, leaving an estate entirely

sufficient to pay all his debts, and the legal appointment and qualification of an administrator to settle the same; the presentation of such note to such administrator as a claim against such estate, and his acceptance of the same and proceeding to pay it as a valid claim; the verbal promise, at the time of such acceptance, to payee, by such widow, to pay the same herself, on condition that payee would not require or demand payment of such claim out of the assets of such estate, nor file the same as a claim against it, provided, further, that the principal thereon should fail to pay it; the acceptance of such verbal promise by payee, and that, relying thereon, he did not file such claim against such estate, or demand or receive payment thereof from such administrator; the receiving by such widow, in addition to the amount allowed her by law as widow of decedent, of a sum exceeding the amount of plaintiff's claim, out of the assets of such estate; the settlement in full of such estate by such administrator, and his discharge from such trust; the entire insolvency of such principal ever since the maturity of such note, and his failure to pay the same; and that such note is due and unpaid.

*Held,* on demurrer for want of sufficient facts, that the complaint sets out a good cause of action against the defendant, such verbal promise not being within the statute of frauds.

From the Wayne Circuit Court.

*T. J. Study,* for appellant.

HOWK, J.—In this action, appellant was the plaintiff and appellee was the defendant, in the court below.

In his amended complaint, appellant stated, in substance, that on June 11th, 1864, David Gentry and Joseph King executed and delivered to appellant their promissory note, a copy of which was filed with and made part of the complaint, by which note the makers thereof promised, three years after its date, to pay appellant one hundred dollars, with eight per cent. interest thereon, without relief from valuation or appraisement laws; that after the execution and delivery of said note, said Joseph King, on December 9th, 1867, died intestate, at Wayne county, Indiana; that after the death of said Joseph King, on the 20th day of June, 1868, John Maxwell was duly appointed, by the clerk of Wayne common pleas court, administrator of said decedent's estate, and was qualified as such administrator, and assumed the duties of said trust; that the estate of said Joseph King was solvent, and a large amount of per-

sonal property, to-wit, four thousand six hundred and seventy-nine dollars and seventy-five cents worth thereof, came into the hands of said administrator to be administered by him, which belonged to said decedent's estate, and was amply sufficient to pay all the debts and liabilities of said estate; and appellant averred that appellee was the widow of said Joseph King, deceased, and, as such widow, received by descent and inheritance from her deceased husband, real estate of the value of five thousand dollars, and, on final settlement of the personal estate of her deceased husband by said administrator, the appellee, as such widow, received thereof the sum of three hundred and eighty-six dollars, over and above the sum of three hundred dollars allowed her, as widow, by law; that before said estate was finally settled by said administrator, appellant presented said note to him, as a claim against said estate, for payment by said administrator, which note said administrator was then and there going to pay, when, appellant averred, the appellee then and there verbally agreed with and promised appellant, that if he would not require and demand payment of the sum due on said note from and by said administrator, out of the assets of said estate, and would not file said note as a claim against said estate, that she, the appellee, would pay the amount thereof to appellant, if the said Gentry, who was then and ever since has remained totally insolvent, and who was the principal in said note, did·not pay the same to appellant; and it was averred that said Gentry had never paid off said note, and that there was then due and unpaid on said note, of principal and interest, the sum of one hundred and seventy-five dollars. And appellant averred, that he, relying on appellee's said promise, and in consideration thereof, did not demand and require the payment of said note by said administrator out of the assets of said estate, and did not file said note as a claim against said estate, but permitted said estate to be finally settled, and said administrator to be discharged from his said trust as such

administrator, without paying said note; and appellant averred that, at the time said estate was finally settled by said administrator, appellant resided in Wayne county, Indiana, where he had resided for the last forty years, and that on the 5th day of May, 1869, said administrator finally settled said estate, and was finally discharged from his said trust, as such administrator, by said common pleas court, and that there was then due and unpaid, of principal and interest, on said note, the sum of one hundred and seventy-five dollars, which had not been paid either by appellee or by said administrator. And judgment was demanded against the appellee in the sum of one hundred and seventy dollars.

Appellee demurred to this amended complaint, upon the ground that it did not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the court below, and to this decision appellant excepted, and judgment was rendered upon the demurrer, in favor of the appellee against the appellant.

In this court, the only error assigned is, that the court below erred in sustaining appellee's demurrer to appellant's amended complaint.

The only question presented in this action for the consideration of this court, and the only question argued by appellant's counsel is this: Is appellee's alleged promise or agreement to pay the note described in appellant's complaint within the statute of frauds and perjuries in this state? It is provided, in the first section of the act of this state, entitled "An act for the prevention of frauds and perjuries, and requiring certain contracts to be in writing, and declaring certain conveyances, assignments, contracts and mortgages void," approved June 9th, 1852, 1 R. S. 1876, p. 503, among other things, as follows:

"That no action shall be brought in any of the following cases:"

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

" *Second.* To charge any person, upon any special promise, to answer for the debt, default, or miscarriage of another;" * * * "unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three years."

It is evident that the alleged promise or agreement of appellee, in the case at bar, is within the letter of the statute. But the courts have, from time to time, in the interest of equity and fair dealing, so construed the statute in question as to hold that many cases, which were apparently within the letter of the law, were, in fact, without the statute, and not controlled by the requirements thereof. It is exceedingly difficult, if not impossible, to reconcile the numerous decisions of the courts of last resort in this country, under the law quoted and laws of similar tenor and purport, or to deduce therefrom any fixed and established rules which will govern and control all cases which have arisen or may arise under such laws. In 1 Throop on the Validity of Verbal Agreements, 157, a rule is laid down, which is strongly supported by both English and American authorities, which is right in principle, and which, in our opinion, is applicable to and decisive of the case now under consideration. This rule is thus stated;

" A promise to pay the debt of another is not within the statute, if its consideration was the abandonment to the promisor of a security for the payment of the debt, consisting of a lien upon or interest in property, to which the promisor then had a subordinate title."

In this case, appellee's deceased husband was the owner, at the time of his death, of personal property more than sufficient to pay all his debts, including the note described in appellant's complaint. By the death of her husband,

Crawford *v.* King.

appellee, as his widow, acquired a title to his personal property, which was subordinate, however, to the interest of his creditors, appellant included, in said property. Before the estate of the deceased was finally settled, appellant presented his note to the administrator of the decedent, as a claim against said estate, for payment, and the administrator was about to pay the note, when, it is averred, that the appellee, "then and there, by a verbal agreement, agreed with and promised" appellant, "that if he would not require and demand payment of the amount due on said note, from and by said adminstrator, out of the assets of said estate, and not file said note as a claim against said estate," she, the appellee, would pay the amount thereof to appellant, "if the said Gentry, who was then, and has ever since been and remained, totally insolvent, and who was the principal in said note, did not pay the same" to appellant. Relying upon appellee's promise and agreement, appellant did not require and demand payment of his note by said administrator, and the money, which, without appellee's promise and agreement, would have been paid to appellant on his note, was paid over by the administrator to appellee. If the averments of appellant's complaint are true, and for aught that has yet appeared in this cause they are strictly and literally true, it would be manifest injustice to allow the appellee to escape the fulfilment of her "promise and agreement."

In *Templetons* v. *Bascom*, 33 Vt. 132, the facts of the case were very similar to the facts in this case. There, it appeared that plaintiffs were the creditors of the father of the defendant, who had died intestate and the owner of considerable estate; that defendant was his only child, and was entitled to all his estate, after the payment of his debts; and that, in consideration that plaintiffs would not present their claim to the commissioners upon the estate, appointed by the probate court, or take the necessary legal steps to have it chargeable upon the estate, the de-

fendant repeatedly promised to pay them the amount; and it further appeared that the delay in presenting the claim had caused the plaintiffs to lose their claim against the estate, as the commissioners had reported, and the report had been confirmed.

In delivering the opinion of the court, KELLOGG, J., said: " In view of the interest which the defendant had in that estate, such forbearance, or the agreement for it, on the part of the plaintiffs, at the request of the defendant, ought to be regarded as a sufficient consideration for the defendant's promise to pay the debt." And again, the learned judge said : " The consideration of the promise of the defendant was the waiving by the plaintiffs of their remedy against the estate of the defendant's father—a remedy to which they had an unquestionable right,—for the benefit of the defendant, and at his request. His promise to pay the debt to the plaintiffs was founded not on the consideration of the original debt, but on a new consideration distinct from it, moving from the plaintiffs directly to himself, the entire benefit of which was anticipated or received by him."

In all essential particulars, the case last cited is almost identical in its facts and circumstances with the case now under consideration ; and the conclusion of the court in that case, that the promise of the defendant was not within the statute of frauds, in our opinion, was clearly correct.

In *Spooner* v. *Dunn*, 7 Ind. 81, this court held the rule to be clearly established, that " where a specific lien or substantial benefit is surrendered, upon the express promise of a third person to pay a debt, it is an original undertaking and not within the statute." And see the authorities there cited.

In our opinion, the court below erred in sustaining appellee's demurrer to appellant's complaint, and for this error the judgment is reversed.

Judgment reversed, and cause remanded, with instructions to the court below to overrule the demurrer to the complaint, and for other proceedings.