## PALMER v. BLAIN.

STATUTE OF FRAUDS.—*Verbal Promise.*—*Satisfaction of Execution.*—A verbal promise by one person, to the creditor of an execution on a judgment against a third person, that, if such creditor will satisfy such execution, such promisor will deliver certain personal property, and pay a certain sum of money, to such creditor, is not a promise to pay the debt of another, and is not within the statute of frauds, but is a valid contract,

for a breach of which an action may be maintained and damages recovered by such creditor, upon his satisfying such execution.

From the Whitley Circuit Court.

*Walter Olds*, for appellant.

PERKINS, J.—Appellee sued appellant, on the following complaint :

" Thomas W. Blain, plaintiff, complains of Catherine Palmer, defendant, and says, that, at the October term, 1874, this plaintiff recovered judgment against Oscar B. Palmer, son of defendant, for the sum of four hundred and twenty-five dollars, and costs of suit.

" That execution issued on said judgment, directed to the sheriff of said county of Whitley ; that said sheriff was about to levy said execution ; that on the 3d day of November, 1874, in consideration that the plaintiff would enter satisfaction upon said execution, for said sum of four hundred and twenty-five dollars, the defendant hereto agreed to give the plaintiff one cow, one horse, to remit ———— dollars, which the plaintiff then owed the defendant, to pay the plaintiff one hundred and thirteen dollars, in twelve months from that date, and to pay him one hundred dollars, within ten days from date. That the plaintiff did receipt and enter satisfaction upon said execution, for said sum of four hundred and twenty-five dollars, and defendant gave the plaintiff the cow and horse, and executed her note for said sum of one hundred and thirteen dollars, and remitted to the plaintiff said sum of ———— dollars, but has wholly failed and neglected to pay the plaintiff said sum of one hundred dollars, to be paid within ten days.

" Wherefore plaintiff demands judgment for said sum of one hundred dollars, with interest thereon from the 13th day of November, 1874."

A demurrer for want of sufficient facts was overruled to this complaint, and exception taken, and appellant, electing to stand upon the ruling upon the demurrer, re-

fused to answer; and the court, having heard evidence, assessed the appellee's damages at one hundred and one dollars. Appeal was taken, and the only error assigned here is the overruling of the demurrer to the complaint. And the only ground taken by counsel, in his brief, against the ruling upon the demurrer, is, that the promise, on which a recovery was sought and obtained, is within the statute of frauds.

The complaint shows that the appellant promised to pay the appellee certain sums of money, and transfer to him certain articles of property, if the appellee would satisfy a certain execution he held against the son of appellant. It was not a promise to pay the debt of another, but to transfer to appellee certain specific articles, be their value more or less, and pay a certain amount of money, in a certain time, if the appellee would extinguish a demand he had on a third person. It was an original promise to pay appellee money and deliver to him specific articles of property, in consideration of a benefit to be conferred upon a third person. The consideration was valid on both sides.

Chitty says, 1 Chitty Con. 28, " The general rule as to the sufficiency of the consideration seems to be, that it may arise either, 1st, by reason of a benefit resulting to the party promising, or to a third person, by the act of the promisee; or, 2dly, by reason of the latter sustaining any loss or inconvenience, or subjecting himself to any charge or obligation," etc.

Here, the appellant promises the appellee, not that she will pay a debt of a third person to the appellee, but, that she will give him certain property and money, if he will do a certain act, viz., extinguish the debt due to him from a third person. He executes the contract on his part. It was a valid contract, good between the parties, on good considerations, mutually, and as it was not, on the part of appellant, a promise to pay the debt of another, it was valid, as to her, though not in writing. See *Crawford* v.

*King,* 54 Ind. 6, at this term. The debt of the third person, being extinguished upon a valid promise, in this case, could not be enforced in the future.

The judgment below is affirmed, with costs.