## MITCHELL ET AL. *v.* GRIFFIN.

STATUTE OF FRAUDS.—*Promise, on Forbearance of Litigation, to Pay Debt of Another.*—A parol promise by the payee, to the maker, of a promissory note, that, if the latter will forbear to attach property in the hands of the former, and in which he is interested, belonging to an absconding debtor of such maker, he will credit the amount of such indebtedness on such note, is not within the statute of frauds.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*S. A. Bonner, J. L. Bracken* and *W. A. Moore,* for appellee.

PERKINS, J.—Suit upon a promissory note, executed by Robert C. Mitchell and Reuben Mitchell, as principals, and Daniel Hendrickson, as surety, to Charles Griffin, plaintiff, for ten hundred and ten dollars and fifty-two cents, due May 18th 1875.

The following facts were alleged in an answer:

Reuben Mitchell, one of the makers of the above described note, held a note on Leander Griffin, a son of said Charles Griffin, for the sum of one hundred and sixty-one dollars and sixteen cents, due April 1st, 1875. Said Leander had absconded before his note became due. He left some real estate, and also an amount of rights, credits and effects, in the hands of his father, said

Charles Griffin. Said Reuben Mitchell was about to procure the issue of an attachment against the property of said Leander, with process of garnishment against said Charles Griffin, who was interested in the effects of his son in his, said Charles', hands; whereupon said Charles agreed with said Reuben, that, if he would not prosecute said attachment and garnishment proceedings, he, said Charles, would pay the note of the said Leander, by crediting the amount of it on the note above described, held by said Charles against said Mitchells and Hendrickson, on which this suit is brought. Mitchell, by such proceedings, could have realized the amount of his note. The agreement was made between the parties. Mitchell desisted from his attachment proceedings. Said Charles thereupon caused the property of said Leander Griffin to be placed beyond the reach of legal process, and then refused to credit the amount of Leander's note on the said note of the Mitchells.

These facts were answered in bar of so much of the note sued on as equals the note of Leander Griffin to Mitchell.

The court sustained a demurrer to the answer, on the ground that the promise of Griffin to Mitchell was collateral, and within the statute of frauds.

We think the court erred in its ruling on the demurrer.

We think the case before us falls within the cases of *Crawford* v. *King*, 54 Ind. 6, and *Palmer* v. *Blain*, 55 Ind. 11. See *Hull* v. *The Brearley Run Draining Association, ante*, p. 520.

It is averred in the answer, that Charles was interested in the effects of his son, in his hands.

The answer is not certain, but no motion was interposed to make it more so, and, on demurrer for want of facts, we think it good. The promise was an original, direct undertaking.

Reversed, with costs, and the cause remanded, etc.