## FLEMING ET AL. *v.* EASTER.

STATUTE OF FRAUDS.—*Contract by Subsequent Mortgagee to Pay Unsecured Indebtedness held by Prior Mortgagee.—Pleading.—Practice.—Motion to Make Certain.—Demurrer.—Evidence.*—The complaint in an action alleged, that the plaintiff held a mortgage on the interest of the mortgagor in a coal lease, to secure an indebtedness owing from the latter to the former ; that the defendant, being also a creditor of the mortgagor, induced the plaintiff to consent to the execution of a mortgage on the same property, to the defendant, to secure the latter indebtedness, by including therein, and promising the mortgagor to pay, the amount of an unsecured debt due from the mortgagor to the plaintiff; that thereupon the plaintiff released the mortgagor, and the defendant entered into possession of the mortgaged property and appropriated a large portion thereof to his own use; and that the mortgagor had become insolvent.

*Held,* that the defendant's promise was upon a sufficient consideration, and was not void by the statute of frauds, and that the complaint is sufficient.

*Held,* also, that an objection, that the complaint was indefinite, was not presented by the demurrer, but should have been presented by a motion to make more definite.

*Held,* also. that, under the issue made by the general denial, evidence was admissible to determine whether the defendant's mortgage became a prior lien over that of the plaintiff, and also as to the extent of the plaintiff's loss of security.

From the Clay Circuit Court.

*G. A. Knight* and *C. H. Knight,* for appellants.

*S. W. Curtis* and — *Holliday,* for appellee.

PERKINS, J.—Suit by the appellee, against the appellants, upon the following facts, alleged in the complaint, viz.:

"That one John Rodney was, on the 26th day of January, 1875, indebted to appellee on a promissory note in the sum of three hundred and twenty-seven and $\frac{70}{100}$ dollars "(setting out a copy of note); " that, at the time said Rodney became so indebted to appellee, he was the owner of an undivided one-half interest of a certain coal shaft and coal lease; that appellee had a mortgage upon said interest and property to secure the payment of certain other notes he held against the said Rodney, executed by the said Rodney to him; that said Rodney was indebted to the appellants,

and appellants, in order to secure themselves against loss, proposed to the said Rodney to take a mortgage upon the one-half of said coal shaft, machinery and the utensils used in and about said bank, as well as upon the leasehold interest then belonging to the said Rodney; that, as part consideration for said mortgage, and in order to obtain the consent of appellee, the appellants promised and agreed with the said Rodney to pay the appellee said amount of said note, together with all the interest thereon accumulated; that, upon said promise being so made for the purpose aforesaid, and for no other, the appellee gave his consent to the said Rodney, after which Rodney executed and delivered said mortgage to appellants; that appellants and Rodney included the amount of the note in the mortgage; that appellants, under and by virtue of said mortgage, have taken possession of all of said property, and appropriated large quantities of the same to their own use; nevertheless they refused to pay appellee the amount of his note, as provided for; that, by reason of said promises so made by appellants, then and frequently thereafter, to the said Rodney, appellee was induced to and did release said Rodney; that, by means of the promises and representations aforesaid, so made to the said Rodney, and in consideration that said appellants would pay said Rodney's debt to the appellee, they got said mortgage from said Rodney."

There is the further allegation that Rodney has become insolvent.

A demurrer to the complaint was overruled, and exception entered.

Answer in general denial; trial by jury, verdict and judgment for the appellee.

The evidence is not in the record. The case is before us upon the sufficiency of the complaint.

It is claimed upon one side, and denied on the other, that the promise sued on is void by the statute of frauds. The complaint in the cause is not systematically drawn,

nor as definite in its statements as it should have been; but there was no motion to require it to be made more definite and certain.

Condensed, it presents the following averments, viz.: That one Rodney was indebted to the appellee in several amounts, all but one of which were secured by a mortgage on certain property; that said Rodney had also become indebted to Fleming, Black & Co., for which indebtedness they had no security beyond the person of the debtor; that they proposed to Rodney to give them a mortgage on the property on which the appellee then held a mortgage. Rodney declined to give it, except upon the conditions, that the consent of the appellee should be obtained, and that they should agree to pay his unsecured claim. The agreement was concluded. Rodney executed the mortgage, including in it the unsecured debt to the appellee, the mortgagees took possession of the property, and the appellee released Rodney, and he has become insolvent.

Probably the consent of the appellee to the mortgage to Fleming, Black & Co. would give it priority over his own. In this transaction, Fleming, Black & Co. obtained, for their own advantage, mortgage security for the debt due them from Rodney, and the possession and use of the property mortgaged, and the diminution of the indebtedness of Rodney, which, possibly, might have been made a claim, if it was not then, against said property. And, if the release of Rodney was from liability on the mortgage, as might be inferred from the facts that Fleming, Black & Co. took possession of and used the mortgaged property, and appellee made no attempt to enforce said mortgage, or if the assent of said appellee to the execution of the mortgage to said Fleming, Black & Co. gave the latter mortgage priority over his own, then the said company obtained unincumbered property of great value as security for their claim, and the appellee lost to a

large extent, if Fleming, Black & Co. are not liable to pay his demands against Rodney. Proof would have been admissible of such facts, under the complaint.

The case is a clear one of the promise of one person to another for the benefit of a third person, which promise such third person can enforce. The consideration was sufficient. *Hardesty* v. *Smith*, 3 Ind. 39. It is not a contract within the statute of frauds. *Luark* v. *Malone*, 34 Ind. 444; *Crawford* v. *King*, 54 Ind. 6; *Palmer* v. *Blain*, 55 Ind. 11; *McDill* v. *Gunn*, 43 Ind. 315, on page 319, and cases cited; *Miller* v. *Billingsly*, 41 Ind. 489; *Helms* v. *Kearns*, 40 Ind. 124.

The equity of this case is strengthened by the fact that the promise of the person to another for the benefit of a third was communicated to such third person and relied upon and acted upon by him at the time, whereby loss to himself and gain to the party making the promise might occur.

The judgment is affirmed, with five per cent. damages and costs.