## FISHER ET AL. *v.* WILMOTH.

CONTRACT.—*Promise to Pay Debt of Another.—Statute of Frauds.—Promissory Note.—Assignment for Benefit of Creditors.*—B. was indebted to A., and executed to him his promissory note for the amount. Before the maturity of the note, B. made an assignment of his property to C., for the benefit of his creditors. Soon afterward B. made a compromise with his creditors, by which it was agreed that D. should take the property so assigned to C., and upon certain specified terms pay the debts of B, including the note held by A. ' Thereupon the property, consisting of a large quantity of merchandise, notes and accounts, was turned over to D., who went into possession thereof under said agreement.

*Held,* that the promise of D. is not within the statute of frauds, and that A. may maintain a suit thereon for the amount of his claim.

From the Benton Circuit Court.

*M. H. Walker, D. Smith, J. M. Larue* and *F. B. Everett,* for appellants.

*L. P. Thompson,* for appellee.

VOL. LXVIII.—29

NIBLACK, J.—Action by Joel C. Wilmoth, against Richard Manke, William Fisher, John Fisher and Jacob Fisher, for failure to pay a promissory note. The complaint was in five paragraphs.

Demurrers were overruled to the first, second and fifth paragraphs, and sustained as to the third and fourth.

There was a return of "not found," as to William Fisher, and Manke made default. John Fisher and Jacob Fisher answered in general denial. There was a verdict for the plaintiff, a motion for a new trial, and judgment on the verdict.

Errors are severally assigned by John Fisher and Jacob Fisher, the only appellants here, upon the overruling of the demurrer to the first and second paragraphs of the complaint, and upon the refusal of the court to grant a new trial.

The first paragraph of the complaint stated, that on the 1st day of June, 1876, the said Richard Manke and William Fisher, being partners in business, executed to the plaintiff, by their firm name of Manke & Fisher, their promissory note for the sum of four hundred and twenty-five dollars, with ten per cent. interest and attorney's fees, payable on the 1st day of October then next ensuing; that on the 10th day of August, 1876, the said Manke & Fisher made an assignment of their property to one William Hughes, for the benefit of their creditors; that soon thereafterward Manke & Fisher made a compromise with their creditors, by which it was agreed that the said John Fisher and Jacob Fisher should take the property assigned to Hughes, and, upon certain specified terms, pay the debts of Manke & Fisher; that thereupon the property, consisting of two thousand dollars' worth of merchandise, and notes and accounts amounting to five thousand six hundred dollars, was turned over to, and went into

the possession of, the defendants John Fisher and Jacob Fisher, who, as a part consideration for such property, agreed with Manke & Fisher to pay the note executed by them to the plaintiff, as above set forth, and that the said John Fisher and Jacob Fisher had failed and refused to pay said note, although then due and unpaid.

The second paragraph was, in its substantial allegations, similar to the first, except that it alleged that the defendants John Fisher and Jacob Fisher agreed in writing to pay one-half of the indebtedness of Manke & Fisher, of which agreement they had retained possession, so that the plaintiff could not produce the same.

Other matters are alleged in both paragraphs, but regarding these other matters as surplusage merely, and any supposed questions arising upon them as consequently immaterial, we have not set them out.

As to the appellants, the substantial allegations in both paragraphs are, that they, for a valid consideration to them paid, agreed with Manke & Fisher to make certain payments to the plaintiff which they had failed and refused to make. Such promises are not within the statute of frauds, and are hence binding upon parties making them. *Spooner* v. *Dunn*, 7 Ind. 81 ; *Luark* v. *Malone*, 34 Ind. 444; *Conradt* v. *Sullivan*, 45 Ind. 180; *Crawford* v. *King*, 54 Ind. 6 ; *Palmer* v. *Blain*, 55 Ind. 11.

The agreements set up in both paragraphs were such as enured to the benefit of the appellee and authorized him to sue upon them. *Davis* v. *Calloway*, 30 Ind. 112 ; *Helms* v. *Kearns*, 40 Ind. 124 ; *Miller* v. *Billingsly*, 41 Ind. 489 ; *The South Side P. M. Association* v. *The Cutler & Savidge Lumber Co.*, 64 Ind. 560.

Both paragraphs appear to us to have been sufficient upon demurrer.

It is contended that the verdict was not sustained by sufficient evidence.

If we were trying the cause upon the evidence as

we find it in the record, we would regard the task imposed upon us as one not free from difficulty, but as there was evidence tending to establish what seems to us to have been the material and controlling allegations of the complaint, we see nothing to justify us in disturbing the verdict upon the evidence. It is not pretended that the debt sued on would not have been a valid claim against the property of Manke & Fisher, in the hands of Hughes, the assignee. The circumstances under which the appellants came into possession of that property tended to show that they assumed, and were understood by others interested as assuming, relations to the debts of Manke & Fisher similar to those occupied by Hughes after he became assignee. The assignment to Hughes was evidently cancelled and set aside upon that theory.

There was also evidence showing that one of the appellants had notice of the existence of the appellee's claim before he and his co-appellant purchased the property which had been assigned to Hughes.

These were all facts proper to be considered by the jury, in connection with the other evidence, and which had a palpable tendency to sustain the verdict.

Objections are urged to two of the instructions given to the jury, but what we have said as to the evidence practically disposes of those objections. We see nothing in the instructions of which the appellants have just reason to complain.

The judgment is affirmed, with costs.