Filed June 20, 1894.

————————◆————————

No. 1,331.

## LEEPER v. MYERS.

MECHANIC'S LIEN.—*Lien Attaches with Filing of Notice.*—*Failure to Record in Proper Book.*—Where one files in the county recorder's office a notice of intention to hold a lien, the filing of the notice creates the lien, and the failure of the recorder to record the notice in the proper book does not necessarily, of itself, as between the parties thereto, defeat the lien.

SAME.—*Complaint.*—*When it Sufficiently Appears that Material was Furnished for and used in the House in Question.*—If a complaint to enforce a mechanic's lien shows that the material was sold and delivered and furnished to the contractor, at his special instance and request, "to be used for and in the erection, alteration, and repair of said house," etc.; and that plaintiffs notified defendants that they were furnishing the material aforesaid for the purpose aforesaid, a bill of particulars of which is filed with the complaint, such averments, when construed in connection with the bill of particulars, raise the necessary inference that the material was furnished for, and used in, the erection and alteration of the house.

SAME.—*Necessary Parties Defendant.*—*Contract.*—*Novation.*—*Release.*— Where the owner (A) of a building which is being repaired, the contractor, and the party (B) furnishing the material to be used in such repairs to the contractor, agree among themselves that A should become the debtor to B, and in consideration thereof B's debt against the contractor should be released, which facts appear in the complaint in an action by B to enforce his lien for material furnished, the contractor is not a necessary party defendant, where he does not controvert such facts.

From the Clark Circuit Court.

*M. Z. Stannard,* for appellant.

*J. K. Marsh, H. A. Burtt* and *J. E. Taggart,* for appellee.

DAVIS, J.—The complaint in this case is in two paragraphs. The first paragraph is to enforce a mechanic's lien under the provisions of sections 7255 and 7257, R. S. 1894. It is alleged, in substance, in the second paragraph, that in October, 1890, appellant became indebted to Henry Pollock for work and labor done by him in the building, altering and repairing of a dwelling house, in the sum of $978.54, and that said Pollock was then indebted to appellees in that sum for material furnished by them to him, and which was used in the construction of said house and making said alterations and repairs, and that it was then agreed by and between said Pollock, and the appellees and appellant, that she should withhold and not pay to him the said sum, but that she would pay the same to the appellees for and on account of the sum due them from him for said material; that appellant promised and agreed with appellees, with the consent of said Pollock, that she would pay to them the said sum so due said Pollock; and that appellees then accepted the said promise and agreement of appellant to pay the same, and released said Pollock from further liability on account thereof, etc. *Kelso* v. *Fleming,* 104 Ind. 180.

Separate demurrers to each paragraph of the complaint were overruled. An answer of general denial and payment was filed. A trial by the court resulted in finding and judgment against appellant on first paragraph of the complaint for $664, and on second paragraph of complaint for $393.68. The motion of appellant for a new trial was overruled. Appellant reserved proper exceptions to the adverse ruling of the court.

The only errors discussed are:

1. That the court erred in overruling the demurrer to the first paragraph of the complaint.

2. That the court erred in overruling the demurrer to the second paragraph of the complaint.

3. That the court erred in overruling appellant's motion for a new trial.

It is contended by counsel for appellant that the averments in the first paragraph of the complaint, as to the filing and recording of the notice, do not show a proper compliance with the statute. The averments show that the notice was duly filed in the recorder's office as required in section 7257, *supra*, but the exhibit filed with this paragraph discloses that it was recorded in "Mechanics' Lien Record." Section 7258, R. S. 1894, provides that the recorder shall record the notice in the miscellaneous record book; therefore it is insisted that no lien attached.

All appellees were required to do in relation to the notice was to file it in the recorder's office in compliance with the provisions of section 7257, *supra*. The failure of the recorder to record the notice in the right book does not necessarily, of itself, as between the parties thereto, defeat the lien. *Wilson* v. *Logue*, 131 Ind. 191.

The lien was created by filing with the recorder the notice of the intention to hold a lien, and not by the recording of the same. *Wilson* v. *Hopkins*, 51 Ind. 231.

It is next urged that the first paragraph of the complaint is insufficient because it does not show that the material mentioned was actually used in the construction and repair of appellant's house.

In order to acquire a lien for materials, it must be shown that the materials were furnished for, and were actually used in, the building. Section 7255, *supra; Jones* v. *Hall*, 9 Ind. App. 458.

It is alleged that appellees "sold, delivered, and fur-

nished to one Henry Pollock, a contractor, at his special instance and request, lumber and other building material to be used for and in the erection, alteration and repair of said house," etc., and that they notified appellant "that they were furnishing the said lumber and other materials as aforesaid to the said Pollock for the purpose aforesaid," etc., and that a bill of particulars of the "lumber and material so furnished and used as aforesaid" is filed with the complaint.

When the averments are all construed together, in connection with the bill of particulars, the inference necessarily arises that the materials referred to were furnished for, and used in, the erection and alteration of the house. *Neeley* v. *Searight*, 113 Ind. 316.

There was no error in overruling the demurrer to the first paragraph of the complaint.

The first ground of demurrer to the second paragraph of complaint is as follows: "Because there is a defect of parties defendant therein, in that Henry Pollock, a necessary party defendant, should be joined therein."

The statute provides that any person should be made a defendant "who is a necessary party to a complete determination or settlement of the questions involved." Section 269, R. S. 1894.

It is conceded that the second paragraph of the complaint in this case states facts sufficient to constitute a cause of action against appellant, but the contention is that for her own protection, under the facts stated, appellant has the right to insist that Henry Pollock be joined with her as a defendant in the action in order that he may be bound by the proceedings so that he may not assert any claim against her in the future. See *Hardy* v. *Blazer*, 29 Ind. 226; *Luark* v. *Malone*, 34 Ind. 444; Section 277, R. S. 1894; Section 293, R. S. 1881.

In *Hardy* v. *Blazer*, *supra*, the amount due from Sut-

ton & Swan to Blazer does not seem to have been settled and determined, and it was necessary to make them parties to the suit so that they would be bound by the amount Hardy should be required to pay Blazer.

In *Luark* v. *Malone, supra,* the Supreme Court says: "The amount was not then definitely determined. It had to be ascertained by settlement. The record does not disclose the fact that there ever was a settlement. It was therefore necessary to make Luark a party, so that the amount due from him to the plaintiffs might be ascertained, and thus fix the liability of Walden on his undertaking to pay whatever was due."

In this case there was a settlement between all of the parties. It was mutually agreed between appellant, appellees and Pollock that appellant should become the debtor to appellees, and that in consideration thereof their debt against Pollock should be released.

The old debt against Pollock was extinguished, and appellant was substituted as a new debtor for Pollock. If, as is alleged, the amount due and owing from appellant to Pollock was settled and determined, and if Pollock was owing the same amount to appellees, and, under such circumstances, it was mutually agreed between all of the parties that appellant should pay the amount she owed Pollock to appellees, and appellees, in consideration of such agreement, released Pollock from liability, there was no necessity for making Pollock a party to this action.

If appellant had controverted the facts alleged in the complaint, or if she had shown to the court that Pollock was controverting such facts, and that in order to protect her it was necessary that he should be made a party, a different question would be presented.

In our opinion, there was no error in overruling the demurrer to the complaint.

In support of the motion for a new trial, no reason has been given that would justify us in disturbing the finding and judgment of the trial court.

Judgment affirmed.

Filed June 21, 1894.